[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 24, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10888
_____

D. C. Docket No. 04-0015-CV-J-16-HTS

JACK BLINCO, JR. on behalf of himself and others
similarly situated, DEBORAH BLINCO, on
behalf of herself and others similarly situated,

Plaintiffs-Appellee,

versus

GREEN TREE SERVICING LLC,

Defendant-Appellant.

_____

No. 04-14253
_____

D. C. Docket No. 04-00422-CV-J-TEM

JACK BLINCO, JR., on behalf of himself and others
similarly situated, DEBORAH BLINCO, on
behalf of herself and others similarly situated,

Plaintiffs-Appellees,

versus

GREEN TREE INVESTMENT HOLDINGS, LLC,
f.k.a. CFN Investment Holdings LLC,

                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(February 24, 2005)**

Before DUBINA and FAY, Circuit Judges, and GOLDBERG[*], Judge.

PER CURIAM:

Defendant-Appellants, Green Tree Servicing LLC ("Green Tree Servicing")

and Green Tree Investment Holdings, LLC ("Green Tree Investment") (together,

"Green Tree") appeal the district court's orders denying their Motions to Stay

Litigation and Compel Arbitration in the actions brought by Plaintiff-Appellees

Jack Blinco, Jr. and Deborah Blinco (together, the "Blincos"), husband and wife,

alleging Appellants violated the Real Estate Settlement Procedures Act, 21 U.S.C.

§ 2605 ("RESPA").

**I.  Facts**

_____

[*]Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

On November 17, 1999, the Blincos, together, signed and executed a mortgage (the "Mortgage"). On the same day, Mr. Blinco, alone, signed and executed a promissory note (the "Note") in favor of Conseco Finance Servicing Corporation ("CFSC") as lender. The Note contains the following arbitration clause (in pertinent part):

> All disputes, claims or controversies arising from or relating to this contract or the relationships which result from this contract . . . shall be resolved by binding arbitration by one arbitrator . . . . The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this contract.

The Note's named lender, CFSC, is a subsidiary of Conseco, Inc. ("Conseco"). Conseco and a number of its subsidiaries, including CFSC, filed for Chapter 11 bankruptcy in 2003. As part of the Conseco group's court-approved plan of reorganization, CFSC transferred certain assets to CFN Investment Holdings, LLC ("CFN"), now known as Green Tree Investment (and its affiliates). In December 2003, the Blincos brought a putative class action against Green Tree Servicing in Florida state court alleging failure to provide the notice required by Section 6 of RESPA in connection with what the Blincos characterize as a transfer to CFN of the servicing of their loan. Green Tree Servicing removed the case to federal court and simultaneously filed a Motion to Stay Litigation and Compel

Arbitration.   The district court denied the motion.   In April 2004, the Blincos brought a nearly identical putative class action against Green Tree Investment in Florida state court.   Green Tree Investment removed the action to federal court and filed a Motion to Stay Litigation and Compel Arbitration.   The district court denied the motion.  Before the Court is a consolidated appeal of the district court's orders on these motions.

## II.  Scope of Claims Subject to Arbitration Clause

Appellants argue that invocation of the Note's arbitration clause to resolve Appellees' RESPA claims is appropriate because servicing of the Blincos' loan arises from and/or relates to the Note or the relationships resulting from the Note. Green Tree argues that without the Note evidencing the loan, no servicing relationship between Green Tree and the Blincos would exist.   The Blincos counter that it is Green Tree's independent statutory status as loan servicer that gives rise to their claims, not the Note or the Mortgage.  The Blincos argue that servicing is severable from the Note and Mortgage and accordingly do not rely upon the Note and/or Mortgage in making their RESPA claims.  Therefore, the Blincos contend that the Note's arbitration clause has no nexus with their claims and cannot be invoked.

The Court concludes that the Blincos' RESPA claims arise from the Note

4

and are subject to the arbitration clause therein.  In resolving this issue, it is important to first note the unquestionably strong federal policy favoring arbitration.  *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765,784 (1983); *Anders v. Hometown Mortgage Servs., Inc.*, 346 F.3d 1024, 1029 (11th Cir. 2003).   "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Hosp.*, 460 U.S. at 24-25, 103 S. Ct. at 941, 74 L. Ed. 2d at 785.  The arbitration clause at issue here is broadly drafted to cover "[a]ll disputes, claims or controversies arising from or relating to th[e] contract or the relationships which result from th[e] contract."   Although the district court found that the Blincos' RESPA claims were separate from the Note, this conclusion is not compelled by the text of RESPA or the Note.  Rather, the Blincos' RESPA claims arise from Green Tree's alleged obligation to service the Note *and* the statutory requirements that coincide with that obligation.  Indeed, it is difficult to understand how Green Tree could be a servicer if there were no Note, and more importantly, how Green Tree could face statutory servicer liability if there were no Note to service.  In light of this conclusion and strong federal policy favoring arbitration, it is appropriate to compel arbitration of the Blincos' RESPA claims.

## III.  Green Tree's Ability to Invoke Arbitration Clause

5

Green Tree Servicing argues that it may compel arbitration under the Note because it is the same entity as CFSC, the named lender in the Note. Further, Green Tree Servicing and Green Tree Investment contend that, regardless of their signatory status, the arbitration clause is broad enough to require the Blincos to arbitrate their RESPA claims against non-signatories. The Blincos dispute Green Tree Servicing's claim that it is a successor to the original lender under the Note. The Blincos further argue that the asset transfer which occurred as part of Conseco's reorganization resulted in the assignment of the Mortgage and Note to a separate entity and the extinguishment of any Green Tree entity's right to invoke the Note's arbitration clause.

The Court concludes that the language of the arbitration clause at issue is broad enough to permit both Green Tree entities to invoke it, regardless of their signatory status. Because, as discussed above, the Blincos' RESPA claims derive from a "relationship" that "results from" the Note (*i.e.*, loan servicing), the arbitration clause easily encompasses both Green Tree Servicing and Green Tree Investment as alleged servicers of the Note. The scope of the Note's arbitration clause is sufficiently broad to allow non-signatories to invoke the clause where, as here, they face claims derived from the Note. *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947-48 (11th Cir. 1999) (where signatory's claims against

non-signatory depend on a contract containing an arbitration clause, signatory must arbitrate with non-signatory).

## IV. Applicability of Arbitration Clause to Non-Signatory Mrs. Blinco

Green Tree argues that Mrs. Blinco's non-signatory status vis-à-vis the Note should not bar the invocation of the arbitration clause against her. Specifically, Green Tree argues that Mrs. Blinco should be compelled to arbitrate under the doctrine of equitable estoppel. Green Tree contends that Mrs. Blinco has invoked the Note in order to bring her RESPA claims, but seeks to avoid the arbitration clause contained therein. The Blincos contend that the equitable estoppel doctrine cannot be applied to compel Mrs. Blinco to arbitrate because Mrs. Blinco is not attempting to enforce the Note. Rather, they contend that Mrs. Blinco's claims arise solely from statutory rights created by RESPA. Further, the Blincos argue that the failure to obtain Mrs. Blinco's signature on the Note should be construed against the Note's drafter, not Mrs. Blinco. The Court concludes that, although a non-signatory to the Note, Mrs. Blinco may nonetheless be held to the arbitration clause of the Note under the doctrine of equitable estoppel. Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes. *See Price v. Humana Ins. Co.*, 285 F.3d 971, 976 (11th Cir. 2002), *rev'd on other grounds by Pacificare*

*Health Sys., Inc. v. Book*, 538 U.S. 401, 123 S. Ct. 531, 155 L. Ed. 2d 578 (2002). Other Circuit Courts have applied equitable estoppel to compel arbitration where non-signatories to contracts containing an arbitration clause have sought to enforce their alleged contractual rights. *See Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267-68 (5th Cir. 2004); *Int'l Paper Co. v. Schwabedissen Mashinene & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000). Here, Mrs. Blinco has made RESPA claims which, as discussed above, derive from her status as a borrower under the Note. Mrs. Blinco may not rely upon the Note to establish her RESPA claims while avoiding her obligation under the Note to arbitrate such claims.

**V. Completeness of Arbitration Clause**

Finally, the Blincos argue that the arbitration clause is unenforceable because it does not specify the identity of the arbitrator, forum, location or allocation of costs from the arbitration.

The Court concludes that this "incompleteness" does not invalidate the arbitration clause. In *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 90-91, 121 S. Ct. 513, 522, 148 L. Ed. 2d 373, 383-84 (2000), the Supreme Court noted that failure of an arbitration agreement to address fees and costs alone does not invalidate the provision. In addition, Section 5 of the Federal Arbitration Act

8

provides courts with the authority to identify an arbitrator for parties who cannot agree upon one. 9 U.S.C. § 5; *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 449, 123 S. Ct. 2402, 2405-06, 156 L. Ed. 2d 414, 421 (2003) (approving arbitration clause with similar provision for the selection of an arbitrator after motion to compel arbitration). Accordingly, the arbitration clause is sufficiently complete to be enforceable by Green Tree.

## VI. Conclusion

The Court REVERSES and REMANDS to the district court with instructions to grant the Motions to Stay Litigation and Compel Arbitration as to both the Blincos.