S07G0257. ABCO BUILDERS, INC. v. PROGRESSIVE
PLUMBING, INC.
(647 SE2d 574)

MELTON, Justice.

In *Progressive Plumbing v. ABCO Builders*, 281 Ga. App. 696 (637 SE2d 92) (2006), the Court of Appeals reversed the ruling of a superior court that, because an arbitration panel had shown a manifest disregard for the law, the arbitration award in favor of Progressive Plumbing, Inc. had to be vacated. We granted certiorari

to consider the extent to which a superior court has authority to vacate an arbitrator's award in the absence of a transcript of the underlying arbitration hearing. For the reasons set forth below, we affirm.

Because our state arbitration code closely tracks federal arbitration law, we look to federal cases for guidance in construing our own statutes. *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420 (568 SE2d 474) (2002). Our arbitration code was designed to preserve and ensure the efficacy and expediency of arbitration awards. As a result, judicial review of an arbitration award is strictly limited to five statutory grounds set forth in OCGA § 9-9-13 (b). Id. See also *Malice v. Coloplast Corp.*, 278 Ga. App. 395 (629 SE2d 95) (2006). An appellate court will not consider the sufficiency of the evidence underlying an arbitrator's award. *Greene v. Hundley*, 266 Ga. 592 (3) (468 SE2d 350) (1996).

At issue in this case is the fifth ground for review of an arbitrator's award, OCGA § 9-9-13 (b) (5). This ground provides that an arbitrator's award may be vacated if it can be shown that the arbitrator manifestly disregarded the proper law applicable to the case before him. This disregard must be both evident and intentional. "An arbitration board that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." *Montes v. Shearson Lehman Bros., Inc.*, 128 F3d 1456, 1461 (11th Cir. 1997).

Therefore, to prove that a manifest disregard of the law has occurred, a party wishing to have an arbitration award vacated must provide evidence of record that, not only was the correct law communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct. As exemplified by *Montes*, supra, this showing is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions. See OCGA § 9-9-10. In *Montes*, a finding of manifest disregard occurred only because the arbitration award itself made an explicit recital of the winning party's argument that the correct law should be ignored rather than followed. In that case, proof of a manifest disregard of the law was blatantly evident on the face of the award.

In any other case, similarly clear evidence of the arbitrator's intent to purposefully disregard the law is required. That is, there must be concrete evidence of this intent either in the findings of the arbitrator, if he or she chooses to make such findings, or in the transcript of the arbitration hearing, if the parties choose to have the hearing transcribed. In this case, the record contains neither findings

of the arbitration panel nor a transcript of the arbitration hearing, and there is nothing else in the record which would indicate the intent of the arbitration panel in reaching the conclusion that it did. In the absence of any such evidence of a specific intent to disregard the appropriate law, the Court of Appeals correctly found that the trial court erred by vacating the award of the arbitration panel pursuant to OCGA § 9-9-13 (b) (5).

The arguments provided by Progressive Plumbing to the superior court during its review of the arbitration award do not alter this result. In summary, Progressive Plumbing argued that, with regard to certain damages awarded to ABCO Builders, Inc. in relation to a construction contract dispute, the arbitration panel was presented with the proper legal formula to calculate these damages, but, based on the ultimate award, the arbitration panel did not employ this formula. Progressive Plumbing then makes the supposition that this erroneous computation could not have been a mistake or misinterpretation, but, instead, was an intentional disregard of the law. Progressive Plumbing's supposition, however, does not provide viable concrete evidence that the arbitration panel purposefully intended to disregard applicable law. Moreover, "[e]ven if we were convinced that we would have decided this contractual dispute differently, that would not be nearly enough to set aside the award." *B.L. Harbert Intl. v. Hercules Steel Co.*, 441 F3d 905, 911 (II) (11th Cir. 2006). "[T]here must be something beyond and different from mere error in law or failure on the part of the arbitrators to understand or apply the law; it must be demonstrated that the majority of arbitrators deliberately disregarded the law in order to reach the result they did." (Citations omitted.) *Health Services Mgmt. Corp. v. Hughes*, 975 F2d 1253, 1267 (C) (7th Cir. 1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2007.

*Jeffrey L. Evans*, for appellant.

*McManus & Graham, John C. McManus, Michael L. Solis, George W. Warlick, Hall, Booth, Smith & Slover, Michael C. Pruett*, for appellee.