## A09A0600. HANSEN & HANSEN ENTERPRISES, INC. et al. v. SCSJ ENTERPRISES, INC. et al.
(682 SE2d 652)

SMITH, Presiding Judge.

Hansen & Hansen Enterprises, Inc., Juden Enterprises, Dennis Hansen, and Judy Hansen ("Hansen") appeal from a superior court order vacating an arbitration award in their favor on claims asserted by SCSJ Enterprises, Inc. and Shandton Williams ("SCSJ").[1] Because

---

[1] The court also remanded the case to be presented in front of a different arbitrator, and directed that arbitrator to render a decision on Hansen's counterclaim.

the trial court erred in vacating the award on two of three grounds, we affirm in part, reverse in part, and remand the case with direction.

The dispute in this case arose from the sale of two "The UPS Store" franchises. SCSJ purchased the two stores from Hansen who had previously operated the stores. When the stores did not produce the profit expected, SCSJ compared the stores' financial data to the performance projections provided by Hansen prior to purchase. SCSJ claimed that Hansen misrepresented the stores' profits and other financial data and that Hansen created fraudulent tax records. SCSJ claimed that these actions resulted in the purchase price being inflated by more than $525,000.

Pursuant to the sales contract for each store, the dispute was submitted to arbitration. SCSJ brought claims for fraud and deceit, negligent misrepresentation, breach of contract, and "rescission under a theory of unilateral mistake." Hansen counterclaimed against SCSJ for default under certain promissory notes ("the notes") evidencing loans given by Hansen to SCSJ for the purchase of the stores. Following a four-day evidentiary hearing, the arbitrator issued an award in favor of Hansen on all of SCSJ's claims and dismissed Hansen's counterclaim on the ground that he was without jurisdiction to rule on the claim. The arbitrator also assessed attorney fees and costs against SCSJ.

SCSJ moved to vacate the award, and following a hearing, the trial court vacated the arbitrator's award on grounds that the arbitrator manifestly disregarded the law, overstepped his authority, and imperfectly executed his authority such that a final and definite award was not made.

The parties agree that the dispute is governed by the Federal Arbitration Act, 9 USC § 1 et seq. And because our state arbitration code closely tracks federal arbitration law, we also look to federal cases for guidance in construing our statutes. *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007).

"[T]he power of a court to vacate an arbitration award has been *severely* limited in order not to frustrate the legislative purpose of avoiding litigation by resort to arbitration." (Citations and footnote omitted; emphasis in original.) *Phillips v. TermNet &c.*, 260 Ga. App. 645, 647 (1) (580 SE2d 544) (2003), rev'd on other grounds, *TermNet Merchant Svcs. v. Phillips*, 277 Ga. 342 (588 SE2d 745) (2003). When a motion to vacate is before the trial court, that court may not address the merits of the dispute or consider the sufficiency of the evidence. *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 398 (629 SE2d 95) (2006). Judicial review of an arbitration award is strictly limited to the statutory grounds enumerated in OCGA § 9-9-13 (b). That

Code section provides that an award shall be vacated

> if the court finds that the rights of that party were preju-
> diced by: (1) [c]orruption, fraud, or misconduct in procuring
> the award; (2) [p]artiality of an arbitrator appointed as a
> neutral; (3) [a]n overstepping by the arbitrators of their
> authority or such imperfect execution of it that a final and
> definite award upon the subject matter submitted was not
> made; (4) [a] failure to follow the procedure of this part,
> unless the party applying to vacate the award continued
> with the arbitration with notice of this failure and without
> objection; or (5) [t]he arbitrator's manifest disregard of the
> law.

Id.

Here, the trial court ruled that the arbitrator manifestly disre-
garded the law of rescission. See OCGA § 9-9-13 (b) (5). The court
ruled further that the arbitrator overstepped his authority in one
instance and, in another instance, imperfectly executed his authority
so that a final and definite award was not made. See OCGA § 9-9-13
(b) (3). Specifically, the court found that (1) the arbitrator should
have arbitrated the counterclaim, and (2) the award of attorney fees
was improper. We address only those grounds for vacating the award
enumerated in the trial court's order.

1. *Manifest disregard of the law*. The trial court found that the
arbitrator manifestly disregarded the law of rescission. We disagree.

> The two-prong test for ascertaining whether an arbitrator
> has manifestly disregarded the law has both an objective
> and a subjective component. We first consider whether the
> governing law alleged to have been ignored by the arbitra-
> tor[ ] was well defined, explicit, and clearly applicable. We
> then look to the knowledge actually possessed by the
> arbitrator. The arbitrator must appreciate the existence of a
> clearly governing legal principle but decide to ignore or pay
> no attention to it. Both of these prongs must be met before
> a court may find that there has been a manifest disregard of
> law. An error in interpreting the applicable law does not
> constitute "manifest disregard." The applicable law must
> have been deliberately ignored.

(Citations and punctuation omitted.) *Malice*, supra, 278 Ga. App. at
398-399; see *Johnson Real Estate Investments v. Aqua Industrials*,
282 Ga. App. 638, 640 (1) (639 SE2d 589) (2006). Proof of manifest
disregard of the law requires a "showing in the record, other than

the result obtained, that the arbitrators knew the law and expressly disregarded it." (Citation and punctuation omitted.) *Johnson Real Estate Investments*, supra, 282 Ga. App. at 640 (1).

The trial court's order states that the arbitrator manifestly disregarded the law of rescission. But the award reveals that the arbitrator cited applicable law and applied that law to the circumstances of the case. The arbitrator found that because SCSJ did not make an unambiguous rescission of the sales contract, its suit for fraud fails. In making this finding, the arbitrator relied upon OCGA § 13-4-60 (to rescind party must promptly upon discovering fraud restore or offer to restore to other party what was received under the contract), *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378 (436 SE2d 94) (1993), and *Cotton v. Bank South*, 231 Ga. App. 812 (499 SE2d 129) (1998), all of which accurately represent the law in Georgia with regard to rescission. There is no evidence that the arbitrator expressly disregarded the applicable law. See *Lanier Worldwide v. BridgeCenters &c., LLC*, 279 Ga. App. 879, 882 (1) (633 SE2d 49) (2006). To the contrary, "the arbitrator knew the applicable Georgia law and applied it." *Malice*, supra, 278 Ga. App. at 400. The trial court therefore erred in vacating the award on this ground.[2]

2. *Overstepping of the arbitrator's authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made.*

(a) The trial court ruled that the arbitrator overstepped his authority in awarding attorney fees to Hansen. " 'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as addressing issues not properly before the arbitrator. Thus, this ground does not apply where an issue is properly raised before the arbitrator." (Citations and punctuation omitted.) *U. S. Intermodal &c. v. Ga. Pacific Corp.*, 267 Ga. App. 832, 833 (600 SE2d 800) (2004).

Hansen sought attorney fees for breach as allowed by the sales contracts. Both contracts provided for attorney fees to the non-breaching party in the event of breach by the other party. And as the arbitrator noted, a breach included the failure to pay on the loans. Although the arbitrator did not specifically state that it found SCSJ in breach for failing to make its loan payments, we cannot address a claim that the evidence did not support the award of fees. Such a claim amounts to a mistake of fact not addressed in the statutory grounds. See *Durden v. Suggs*, 271 Ga. App. 688, 691 (2) (610 SE2d

---

[2] We also find no support for the court's vague and unspecific finding that the arbitrator manifestly disregarded the law of contracts and jurisdiction.

640) (2005). "The authority of an arbitrator gives [him] the inherent power to fashion a remedy as long as the award draws its essence from the contract or statute." Because the award of attorney fees is drawn from the language of the contracts, the arbitrator did not overstep his authority in making that award. *Johnson Real Estate Investments*, supra, 282 Ga. App. at 642 (2).

(b) The trial court ruled that a final and definite award was not made because the arbitrator refused to consider Hansen's counterclaim alleging that SCSJ breached its obligations under the notes. We agree.

> Absent some violation of public policy, a . . . court must refer to arbitration any controversies covered by the provisions of an arbitration clause. Whether a party has agreed to arbitrate an issue is a matter of contract interpretation: A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.

(Citations and punctuation omitted.) *Intl. Underwriters AG &c. v. Triple I: Intl. Investments*, 533 F3d 1342, 1344 (III) (11th Cir. 2008). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (Citations and footnote omitted.) *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 24-25 (IV) (C) (103 SC 927, 74 LE2d 765) (1983).

The arbitration clauses in the sales contracts provided that "the parties agree that any and all disputes between or among Purchaser, Seller and Broker, and any claim by these parties that cannot be amicably settled, shall be determined solely and exclusively by arbitration." The contracts also contained a "Security Provision" stating that a note was executed pursuant to the contracts. Each contract also contained a provision allowing attorney fees in the event of breach, which included the failure to pay "when due any amount, principal or interest, payable on the loan made hereunder or on any other indebtedness of the Purchaser secured hereby or under the Memorandum of Sale . . . Purchaser shall be in default."

The notes, neither of which contained an arbitration clause, were attached as exhibits to the sales contracts. Each note provided: "This Note is given in conjunction with the Memorandum of Sale . . . and is subject to the terms and conditions of such Memorandum of Sale. . . . [A]ny default by the undersigned pursuant to said Memorandum of Sale shall be deemed to be a default of this Note."

The arbitration clauses here required that "any and all disputes" between Hansen and SCSJ be determined solely by arbitration. This would include the dispute raised by Hansen's counterclaim alleging that SCSJ defaulted under the notes. Although the

notes did not contain an arbitration clause, the language contained in both notes and the sales contracts establish that the execution of the notes was a transaction contemplated by the sales contracts; and vice versa. See *Blinco v. Green Tree Servicing LLC*, 400 F3d 1308, 1311 (II) (11th Cir. 2005); compare *Intl. Underwriters AG*, supra, 533 F3d at 1345-1346 (III) (arbitration clause in escrow agreement entered into a year after bond commitment did not encompass claim based on issuance of bond). Under the circumstances here, the trial court did not err in vacating the award on the ground that there was such an imperfect execution of the arbitrator's authority that a final award was not made.

We therefore affirm in part and reverse in part the trial court's judgment, and we remand this case with direction to the trial court to vacate the arbitrator's award consistent with this opinion and order a rehearing before the same arbitrator on Hansen's counterclaim only. See OCGA § 9-9-13 (e); *Cipriani v. Porter*, 269 Ga. App. 695, 696 (1) (605 SE2d 106) (2004) (trial court may vacate arbitration award only in its entirety).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Phipps and Bernes, JJ., concur.*

DECIDED JULY 10, 2009 —
RECONSIDERATION DENIED JULY 30, 2009.

*Krevolin & Horst, Jeffrey D. Horst, David A. Sirna*, for appellants.

*Hollowell, Foster & Gepp, LaShawn W. Terry*, for appellees.