### A10A1162. HELMS v. FRANKLIN BUILDERS, INC. et al.
(700 SE2d 609)

BLACKBURN, Senior Appellate Judge.

Gina Helms appeals the trial court's dismissal of her claims against Franklin Builders, Inc., arguing that the court erred in ruling that she was equitably estopped from asserting claims for negligent construction and breach of warranty, because of an arbitration clause in a new home purchase-and-sale agreement, which her husband signed but which she did not. For the reasons set forth below, we affirm.

As an initial matter, we note that Mrs. Helms has failed to provide a single citation to the record in her statement of facts in violation of Court of Appeals Rule 25 (a) (1). We have repeatedly stated that "[i]t is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Punctuation omitted.) *Cronin v. Homesales, Inc.*[1] Given the shortcomings of Mrs. Helms's brief, we are authorized to dismiss it. See Court of Appeals Rule 7. Nevertheless, because the record is short, we choose to exercise our discretion and resolve this appeal on its

---

[1] *Cronin v. Homesales, Inc.*, 296 Ga. App. 293, 294 (674 SE2d 35) (2009).

merits. See *Reid v. Ga. Bldg. Auth.*[2] "But if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with counsel." (Punctuation omitted.) Id.

"[T]he question of arbitrability, i.e., whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination." (Punctuation omitted.) *Pickle v. Rayonier Forest Resources.*[3] Indeed, the construction of an arbitration agreement, like any contract, is a question of law, subject to de novo review. *Crawford v. Great American Cash Advance.*[4] See *Krut v. Whitecap Housing Group.*[5]

In this matter, the record shows that in September 2007, Steven Helms, who is the husband of Gina Helms, contracted with Franklin Builders for the purchase of a new home. The purchase-and-sale agreement included an arbitration clause, which Steven Helms signed separately and which provided:

> a) Buyer and Seller agree that any claim which arises after closing or remains unresolved after the closing shall be settled by arbitration. . . . The arbitration shall be conducted in accordance with OCGA § 9-9-1 et seq. Notwithstanding the above, if Buyer is claiming under a warranty provided by Seller, the terms and procedures of that warranty shall first apply to the resolution of the claim.

> b) The provisions of this paragraph shall survive Closing and the delivery of the warranty deed . . . and shall apply to any claim for rescission of the Agreement.

Although Mrs. Helms was not a signatory to the purchase-and-sale agreement, she was included as a joint tenant with her husband on the warranty deed to the home.

After closing on the home in late November 2007, the Helmses reported numerous defects to Franklin Builders, including evidence of water leakage around the home's bay windows. Franklin Builders' attempts at repairing the windows were unsuccessful. In December 2008, the Helmses filed a complaint against Franklin Builders in the Superior Court of Newton County. The complaint asserted claims of intentional, wilful and reckless negligence, breach of implied warranty of habitability, fraud in the inducement, and tortious interfer-

---

[2] *Reid v. Ga. Bldg. Auth.*, 283 Ga. App. 413, 413 (641 SE2d 642) (2007).

[3] *Pickle v. Rayonier Forest Resources*, 282 Ga. App. 295, 296 (638 SE2d 344) (2006).

[4] *Crawford v. Great American Cash Advance*, 284 Ga. App. 690, 691 (644 SE2d 522) (2007).

[5] *Krut v. Whitecap Housing Group*, 268 Ga. App. 436, 441 (2) (602 SE2d 201) (2004).

ence with contract. They later filed an amended complaint, which added a claim of breach of warranty of completion of construction.

Along with its answer, Franklin Builders filed a motion to dismiss the claims, arguing that the Helmses' claims were subject to the arbitration clause contained in the original purchase-and-sale agreement. Though the court initially denied the motion, upon reconsideration, the court dismissed Mr. Helms's claims, finding that any claims he had against Franklin Builders were subject to arbitration. However, because Mrs. Helms had not signed the purchase-and-sale agreement, the court reserved ruling on the motion to dismiss Mrs. Helms's claims and requested that Franklin Builders file a motion for summary judgment,[6] along with a supporting brief, affidavits, and evidence, so that the court could determine whether she was similarly subject to arbitration. Based on this evidence, the court found that, despite not being a signatory, Mrs. Helms was subject to the arbitration clause contained in the purchase-and-sale agreement and dismissed her claims. This appeal followed.

Mrs. Helms contends that the trial court erred in dismissing her claims against Franklin Builders. Specifically, she argues that the court erred in finding that her claims were so dependent upon the purchase-and-sale agreement containing the arbitration clause that she was equitably estopped from avoiding arbitration. We disagree.

The arbitration clause in question states that it shall be conducted in accordance with the Georgia Arbitration Code ("GAC"), OCGA § 9-9-1 et seq. By enacting the GAC, the Georgia General Assembly has established a clear public policy in favor of arbitration. *Order Homes v. Iverson.*[7] See *Haynes v. Fincher.*[8] Furthermore, "[b]ecause our state arbitration code closely tracks federal arbitration law, we look to federal cases for guidance in construing our own statutes." *ABCO Builders v. Progressive Plumbing.*[9]

Typically, an individual who has not consented to an arbitration agreement cannot be compelled to arbitrate claims. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

---

[6] Although both parties and the trial court characterized Franklin Builders' motion as one for summary judgment, such a characterization is not accurate. "The tenor of our summary judgment procedure is that it deals with the merits of an issue; and that if granted in favor of a claimant it affirmatively adjudges the merits of the claim, and if in favor of the defendant the judgment is in bar and not in abatement." *Lamex, Inc. v. Sterling Extruder Corp.*, 109 Ga. App. 92, 93 (1) (135 SE2d 445) (1964). Thus, the more accurate characterization of Franklin Builders' motion is that of a motion to dismiss Mrs. Helms's claims without prejudice pending arbitration. See id.

[7] *Order Homes v. Iverson*, 300 Ga. App. 332, 334-335 (1) (685 SE2d 304) (2009).

[8] *Haynes v. Fincher*, 241 Ga. App. 179, 181 (4) (525 SE2d 405) (1999).

[9] *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007).

(Punctuation omitted.) *Pickle*, supra, 282 Ga. App. at 296. Furthermore, Georgia law requires that any arbitration clause included in the sales agreement for the purchase of residential real estate be initialed by all signatories at the time of the execution of the agreement. See OCGA § 9-9-2 (c) (8).

Nevertheless, under both the GAC and federal law, in certain circumstances, the theory of equitable estoppel provides a means of bringing a nonsignatory within the terms of an arbitration agreement. See *Order Homes*, supra, 300 Ga. App. at 338 (2); *LaSonde v. CitiFinancial Mtg. Co.*[10] In *LaSonde*, a husband and wife brought an action for wrongful foreclosure against their lender. Id. at 113. In response, the lender sought to enforce the arbitration clause against both parties, even though only the husband was a signatory to the clause. Id. at 114. Because the wife's claims were so intertwined with her husband's claims and presumed the existence of the promissory note that contained the arbitration provision, this court found that she was estopped from avoiding arbitration. Id. at 115 (1). See also *Price v. Ernst & Young, LLP*[11] (stating that when a nonsignatory asserts a claim that presumes the existence of a contract containing an arbitration provision or is so intertwined with a signatory's claim, the nonsignatory is estopped from avoiding arbitration).

Here, Mrs. Helms's claims are identical to her husband's claims, as they were both plaintiffs in the original action. In her own brief, Mrs. Helms acknowledges that "[a]ll of the claims in the Complaint relate to and arise out of the newly constructed home." Indeed, this "newly constructed home" was built pursuant to the purchase-and-sale agreement containing the arbitration clause entered into by Mr. Helms and Franklin Builders. Given these circumstances, Mrs. Helms's claims of negligent construction and breach of warranty arise under and presume the existence of the purchase-and-sale agreement and are so intertwined with her husband's claims that she is estopped from avoiding arbitration. See *LaSonde*, supra, 273 Ga. App. at 115 (1). A party cannot "rely on the contract when it works to its advantage and then repute it when it works to its disadvantage." (Punctuation omitted.) Id. at 115 (1). Moreover, because Mr. and Mrs. Helms have asserted the same claims against Franklin Builders, requiring Mrs. Helms to assert her claims in the same forum as her husband eliminates the potential for "varying decisions, discreditable to the administration of justice." (Punctuation omitted.) Id. Accordingly, the trial court did not err in dismissing Mrs. Helms's claims so that arbitration could be pursued.

---

[10] *LaSonde v. CitiFinancial Mtg. Co.*, 273 Ga. App. 113, 114 (1) (614 SE2d 224) (2005).
[11] *Price v. Ernst & Young, LLP*, 274 Ga. App. 172, 176 (2) (617 SE2d 156) (2005).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 19, 2010 —
RECONSIDERATION DENIED SEPTEMBER 9, 2010.

*Wendel L. Bowie*, for appellant.
*Hecht, Mack & Harris, Gregory K. Hecht*, for appellees.