A10A1467. SCSJ ENTERPRISES, INC. et al. v. HANSEN & HANSEN ENTERPRISES, INC. et al.

(702 SE2d 12)

MCMURRAY, Senior Appellate Judge.

This is the second time this arbitration dispute has been before this Court. Our previous opinion, *Hansen & Hansen Enterprises v. SCSJ Enterprises*, 299 Ga. App. 469 (682 SE2d 652) (2009) ("*Hansen I*"), sets forth the complete factual and procedural history of the arbitration and subsequent litigation. The only issue presently before this Court is whether, upon remand from *Hansen I*, the

superior court accurately carried out the directives set forth in the appellate decision. Concluding that it did not, we must vacate the superior court's order and remand this case for the entry of an order in accordance with this opinion.

In brief sum, the facts relevant to the present inquiry are as follows. Following the arbitration of a business dispute in which SCSJ sued Hansen and Hansen countersued, the arbitrator ruled in favor of Hansen as to SCSJ's claims, but concluded that it lacked jurisdiction to consider Hansen's counterclaim. SCSJ moved to vacate the award and, following a hearing, the superior court granted the motion on the grounds that the arbitrator manifestly disregarded the law and overstepped his authority with respect to SCSJ's claims, and imperfectly executed his authority such that a final and definite award was not made with respect to his failure to consider Hansen's counterclaim. 299 Ga. App. at 470. In *Hansen I*, we concluded that the superior court erred in vacating the arbitrator's award in favor of Hansen on SCSJ's claims, but affirmed the trial court's ruling that the arbitrator had jurisdiction over and should have considered Hansen's counterclaim. Id. at 472-474 (2) (a), (b). We thereafter remanded the case to the superior court with the direction that it "vacate the arbitrator's award consistent with this opinion and order a rehearing before the same arbitrator on Hansen's counterclaim only," specifically noting that Georgia law provides that a trial court may vacate an arbitration award only in its entirety. Id. at 474 (2) (b). In its order on remand to the arbitrator, the superior court confirmed the arbitrator's award with respect to SCSJ's claims, but vacated only that portion of the award that dismissed Hansen's counterclaim for lack of jurisdiction.

The superior court erred in partially vacating the arbitration award. As set forth in *Hansen I*, the law of this State requires that, if a trial court vacates an arbitration award, it may do so only in its entirety.[1] See generally OCGA § 9-9-13 (b); *Cipriani v. Porter*, 269 Ga. App. 695, 696 (1) (605 SE2d 106) (2004); *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 670 (452 SE2d 188) (1994).

---

[1] It is undisputed that the Federal Arbitration Act, 9 USC § 1 et seq. ("FAA"), governs the substantive dispute in this case. The Georgia Arbitration Code, OCGA § 9-9-1 et seq. ("GAC"), however, sets forth the procedural body of law that controls the arbitration process in the courts of this State. See *Continental Ins. Co. v. Equity Residential Properties Trust*, 255 Ga. App. 445 (565 SE2d 603) (2002); *Weyant v. MacIntyre*, 211 Ga. App. 281, 283 (2) (438 SE2d 640) (1993). It follows that the GAC governs the procedural aspect of the vacatur at issue, which, as illustrated above, does not "undermine the purposes and objectives of the FAA," which are "to ensure the enforceability, according to their terms, of private agreements to arbitrate." (Citation, punctuation and footnote omitted.) *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 88 (1) (532 SE2d 436) (2000). See generally *Continental Ins. Co.*, 255 Ga. App. at 445; *Weyant*, 211 Ga. App. at 283 (1).

Contrary to the concerns of Hansen, however, vacatur of the entire arbitration award will not render the prior proceedings a nullity. Rather, the GAC expressly provides that a rehearing may be limited to the specific issue necessitating the vacatur. OCGA § 9-9-13 (e) ("Upon vacating an award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrators or before new arbitrators appointed as provided by [the statute]."); *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 410-411 (1) (696 SE2d 663) (2010) (emphasizing the importance of sustaining the integrity of the arbitration process and "severely limit[ing]" the power of reviewing courts so as to not "frustrate the expeditious and final resolution of disputes by means that circumvent the time and expense associated with civil litigation") (citations and punctuation omitted). See *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 757-758 (2) (531 SE2d 192) (2000); *Amerispec Franchise*, 215 Ga. App. at 670-671 (1); *Mid-American Elevator Co. v. Gemco Elevator Co.*, 189 Ga. App. 143, 145 (1) (375 SE2d 275) (1988).

Accordingly, upon remand, the superior court should vacate the arbitrator's award in its entirety and remand the case with direction that the arbitrator consider Hansen's counterclaim. If after doing so the arbitrator's ruling on Hansen's counterclaim impacts his original award, the arbitrator should enter the new award. If the arbitrator's ruling on the counterclaim has no impact on his original award, then his original award should be reentered in conjunction with any additional ruling made on Hansen's counterclaim. Regardless, our opinion in *Hansen I* as to SCSJ's claims remains intact.

*Judgment vacated and case remanded. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 23, 2010.

*Johnson & Freeman, Ronald J. Freeman, Raymond C. Humphrey*, for appellants.

*Krevolin & Horst, Jeffrey D. Horst, David A. Sirna*, for appellees.