A10A2155. PHAN et al. v. ANDRE & BLAUSTEIN, LLP.
(709 SE2d 863)

PHIPPS, Presiding Judge.

Fonzie Phan and his company, International Farmers Market 1, LLP, (collectively, hereinafter, Appellants) seek reversal of the judgment entered by the superior court upon its order confirming an arbitration award. While the Appellants have failed to demonstrate merit in their contentions asserting that the superior court erred by

refusing to vacate the arbitration award,[1] it does appear that the court erred in giving effect to that award. Accordingly, we vacate the court's confirmation order and judgment thereupon; the case is remanded for proceedings not inconsistent with this opinion.

The underlying dispute between the Appellants and a law firm, Andre & Blaustein, LLP (hereinafter, A&B) was initially being litigated in superior court. In August 2009, the parties agreed by consent order to resolve by arbitration their dispute, which concerned whether and to what extent the Appellants owed monies to A&B in connection with legal services performed. In the consent order, the parties agreed that a certain individual would serve as arbitrator. The consent order further provided, "The arbitration shall proceed under the rules set by Henning Mediation & Arbitration Service and consistent with the Georgia Arbitration Code."[2] After an arbitration hearing, the named arbitrator ruled in favor of A&B and against the Appellants.

A&B filed an application with the superior court to confirm the arbitration award. The Appellants filed an application with the superior court to vacate that award, alleging that the arbitrator should have recused himself from the arbitration proceedings because he had not disclosed certain of his prior associations. Specifically, the Appellants alleged that the arbitrator had once, on behalf of a client, sued one of the lawyers of A&B.[3] That lawyer had performed some of the legal services at issue in the arbitrated dispute. In addition, the Appellants alleged that, "in the 1980's," the arbitrator had been a partner at the same law firm as another lawyer who had testified by affidavit in the arbitrated dispute. The superior court summarily concluded that the Appellants had demonstrated no basis to vacate the arbitration award and thus denied their application; the superior court granted A&B's application to confirm the award, entering judgment thereupon.

1. The Appellants contend that the superior court erred in denying their motion to vacate the arbitration award, complaining that the arbitrator did not disclose to them the alleged associations. The Appellants assert that the alleged prior associations amounted to the arbitrator having "potential conflicts in this case" which he was required to disclose. According to the Appellants, "The Henning Rules, which [the arbitrator] agreed to abide by, require[d]" the arbitrator to disclose the "potential conflicts." Moreover, the Appellants urge that arbitrators be held to the standards set forth in the

---

[1] See OCGA § 9-9-13 (b).

[2] See OCGA § 9-9-1 et seq.

[3] The record shows that the Appellants' counsel represented below that such lawsuit had occurred about ten years earlier.

Code of Judicial Conduct such that an arbitrator be required to "disqualify [himself] in any proceeding in which [his] impartiality might reasonably be questioned."[4]

The Georgia Arbitration Code sets forth five exclusive grounds for vacating an arbitration award.[5] Specifically, an arbitration award shall be vacated on application of a party if the court finds that the rights of that party were prejudiced by:

(1) Corruption, fraud, or misconduct in procuring the award;

(2) Partiality of an arbitrator appointed as a neutral;

(3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;

(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or

(5) The arbitrator's manifest disregard of the law.[6]

The Appellants claim that the record evidenced that the arbitrator was partial and that he failed to follow procedure, overstepped his authority, and engaged in misconduct.

> As to the degree of partiality required in order to vitiate the award, it has been held sufficient that the relationship between the arbitrator[ ] and one of the parties is of such a nature as to give clear grounds for suspicion of their proceedings and render it unlikely that they constituted the fair and impartial tribunal to which the other party is entitled.[7]

However, the Appellants have cited this court to no competent

---

[4] *White v. SunTrust Bank*, 245 Ga. App. 828, 830 (4) (538 SE2d 889) (2000) (citation, punctuation and emphasis omitted). See Canon 3 (E) (1) of the Georgia Code of Judicial Conduct ("Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned.") and its Commentary ("Judges should disclose on the record information that the court believes the parties or their lawyers might consider relevant to the question of disqualification, even if they believe there is no legal basis for disqualification.").

[5] See *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007) (judicial review of an arbitration award is strictly limited to five statutory grounds set forth in OCGA § 9-9-13 (b)); *Greene v. Hundley*, 266 Ga. 592, 595 (1) (468 SE2d 350) (1996) (bases set forth in Georgia Arbitration Code are exclusive grounds for vacating an arbitration award).

[6] OCGA § 9-9-13 (b).

[7] *Blum v. Blum*, 242 Ga. 718, 719 (251 SE2d 246) (1978) (citation omitted); *Torres v. Piedmont Builders*, 300 Ga. App. 872, 874 (3) (686 SE2d 464) (2009) (same) (footnote omitted).

evidence of the alleged prior associations.[8] Consequently, we cannot conclude that the superior court abused its discretion in rejecting the Appellants' claim that the arbitrator should have recused for partiality.[9] Furthermore, the Appellants have not placed in the record "The Henning Rules," upon which they rely.[10] Nor have they cited any authority that the arbitrator fell within the ambit of the Code of Judicial Conduct. Given these circumstances, the Appellants have shown no merit in their contention that the superior court erred in denying their application to vacate the arbitration award.[11]

2. The Appellants make two additional arguments concerning the arbitration award against Phan, individually. First, citing OCGA § 9-9-13 (b) (5), the Appellants re-assert their claim that the arbitrator "disregarded and violated Henning's Rules regarding disclosure of potential conflicts." Under that Code provision, an arbitration award may be vacated if it can be shown that the arbitrator manifestly disregarded the proper law applicable to the case before him.[12] For reasons discussed above,[13] the Appellants have failed to demonstrate that the superior court erred in refusing to vacate the arbitration award on that ground.[14]

Second, the Appellants contend that the evidence was insufficient to support the arbitration award against Phan, individually. However, "a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award."[15] The Supreme Court of Georgia has instructed: "The prohibition against considering the sufficiency of the evidence as grounds for vacating an arbitration award is uncondi-

---

[8] *Bell v. Forster*, 211 Ga. App. 76, 77 (2) (438 SE2d 145) (1993) (appellant has duty to show error asserted affirmatively by the record).

[9] See *Blum*, supra; see also *Torres*, supra.

[10] See *Greene*, supra at 595 (2) (noting that rights that are cognizable in a court of law are not necessarily dispositive of an arbitrated dispute; rather, arbitrating parties agree to waive certain such rights in favor of a quick resolution of their dispute by extralegal means).

[11] Id. at 595 (1) ("The Arbitration Code requires a trial court to confirm an award upon the timely application of a party to the award, unless one of the statutory grounds for vacating or modifying the award is established.") (footnote omitted).

[12] *ABCO Builders*, supra.

[13] See Division 1, supra.

[14] See *ABCO Builders*, supra at 309-310 (explaining that the disregard must be both evident and intentional; an arbitrator who incorrectly interprets the law has not manifestly disregarded it; and to manifestly disregard the law, one must be conscious of the law and deliberately ignore it).

[15] *Greene*, supra at 596-597 (3). But see OCGA § 9-9-11 (permitting, upon timely application by a party, the arbitrator to change the award upon grounds, inter alia, that there was a miscalculation of figures or mistake in description of person, thing, or property referred to in award; that the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting merits of decision upon issues submitted; or the award is imperfect in a matter of form, not affecting merits of controversy).

tional."[16] It follows, then, that "[a]n appellate court will not consider the sufficiency of the evidence underlying an arbitrator's award."[17]

> [A]llowing an appellate court to make a determination of the sufficiency of the evidence in arbitration cases would only frustrate the purpose of arbitration. A primary advantage of arbitration is the expeditious and final resolution of disputes by means that circumvent the time and expense associated with civil litigation. The legislature recognized this advantage by enacting the Arbitration Code, in which it made limited provision for the judicial review of arbitration awards, and set forth [five] grounds upon which a court may vacate awards. However, that legislative action did not make arbitration a part of the judicial process, nor did it make arbitration subject to traditional rules of appellate review.[18]

3. The Appellants contend that, in its confirmation order, the superior court misconstrued the arbitrator's award. They point out that the arbitration award provided:

> I hereby award Andre & Blaustein, L.L.P., a judgment against International Farmers Market 1, L.P. the sum of $366,347 plus legal interest from this date and, I award Andre & Blaustein, L.L.P. a judgment of 60% of that amount against Fonzie Phan, which is $219,808, plus legal interest thereon, if not recovered from International Farmers Market 1, L.P.

The Appellants further point out that, in what is captioned the "AMENDED FINAL JUDGMENT," the superior court provided, in pertinent part:

> 1. Final Judgment is entered in favor of Andre & Blaustein, LLP against International Farmers Market 1, L.P. . . . a total of $366,347.
> 2. Final Judgment is entered in favor of Andre & Blaustein, LLP and against Fonzie Phan in the amount of $219,808.[19]

---

[16] *Greene*, supra at 596 (3).

[17] *ABCO Builders*, supra at 309 (citations omitted).

[18] *Greene*, supra at 597 (3) (emphasis omitted).

[19] In an "amended order confirming arbitration award," the superior court "ORDERED AND ADJUDGED
1. The Award in Arbitration awarded in favor of Andre & Blaustein, LLP against

The Appellants argue that the superior court's order effectively turned a $366,347 award in favor of A&B into a $586,155 judgment in that law firm's favor. We agree that the court's order may be construed as awarding the larger amount. Given that the court expressly adopted "the findings of fact and conclusions of law set forth in the . . . Award in Arbitration," it appears that the court did not intend that construction. Therefore, we vacate the court's confirmation order and judgment and remand the case for entry of order(s) not inconsistent with this opinion.

*Judgment vacated and case remanded with direction. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 25, 2011 —
RECONSIDERATION DENIED APRIL 11, 2011 — ▉▉▉▉▉▉▉

*Gerard J. Lupa*, for appellants.
*Andre & Blaustein, Brendan J. McCarthy*, for appellee.

---

International Farmers Market 1, L.P. . . . for a total of $347,547.
2. The Award in Arbitration award in favor of Andre & Blaustein, LLP and against Fonzie Phan in the amount of $221,008.00"
The discrepancies in amounts, however, are not mentioned by the parties and are not pertinent to the disposition of any issue in this appeal.
[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).