**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 13, 2012**

# In the Court of Appeals of Georgia

A12A1185. SCSJ ENTERPRISES, INC. et al. v. HANSEN & HANSEN ENTERPRISES, INC. et al.

ELLINGTON, Chief Judge.

The Fulton County Superior Court entered judgment confirming an arbitration award, which required SCSJ Enterprises, Inc., and Shandton Williams (collectively, SCSJ) to pay approximately $800,000 to Hansen & Hansen Enterprises, Inc., and Juden Enterprises, Inc. (collectively, Hansen). SCSJ appeals this ruling, arguing that the trial court erred in returning the case to arbitration; the trial court erred in confirming the arbitration award; and the judgment was inconsistent with the arbitration award. For the reasons that follow, we affirm.

This is the third appearance of this case before this Court. The dispute arose after SCSJ Enterprises purchased two UPS Store franchises from Hansen. In

connection with the purchase, SCSJ executed two $250,000 promissory notes, one in favor of Hansen and one in favor of Juden Enterprises.[1] Williams signed a personal guaranty for each note.

SCSJ filed a claim against Hansen, asserting that Hansen had fraudulently misrepresented the value of the two stores. Hansen filed counterclaims for nonpayment of the two promissory notes. In accordance with the sales agreement, the claims were submitted to arbitration. The arbitrator found in favor of Hansen, who filed an application for confirmation of the arbitration award. SCSJ, however, filed a motion to vacate the award, which the trial court granted.

Hansen appealed, and in *Hansen & Hansen Enterprises v. SCSJ Enterprises, Inc.*, 299 Ga. App. 469 (682 SE2d 652) (2009), we affirmed the judgment in part, reversed in part, and remanded the case with direction. Succinctly stated, this Court ruled that the arbitrator knew and applied the applicable Georgia law with respect to the fraud claim, and thus the trial court erred in concluding the arbitrator manifestly disregarded the law. Id at 472. We also concluded that the arbitrator did not overstep its authority in awarding attorney fees, and the trial court erred in concluding

_____

[1] Juden Enterprises and Hansen & Hansen Enterprises are owned and operated by husband and wife Dennis and Judith Hansen.

2

otherwise. Id. at 472-473 (2) (a). Finally, we agreed with the trial court that no final arbitration award had been made because the arbitrator failed to consider Hansen's counterclaim on the promissory notes. Although the promissory notes did not contain an arbitration clause, the notes expressly incorporated the sales agreement, which required arbitration of "any and all disputes." Id. at 473-474 (2) (b). This Court remanded the case to the trial court with direction to "vacate the arbitrator's award consistent with this opinion and order a rehearing before the same arbitrator on Hansen's counterclaim only." (Citations omitted.) Id. at 474.

On remand, the trial court entered an order confirming the arbitrator's award with respect to SCSJ's claims, but vacating that portion of the award dismissing Hansen's counterclaim. SCSJ appealed, and we reversed. See *SCSJ Enterprises v. Hansen & Hansen Enterprises*, 306 Ga. App. 188 (702 SE2d 12) (2010). The sole issue on appeal was whether the trial court properly vacated a portion of the arbitrator's award. We found that the trial court erred because an arbitration award may only be vacated in its entirety. Id. at 189. We nonetheless noted that vacatur of the entire award did not render the prior proceeding a nullity because, under OCGA § 9-9-13 (e), rehearing before the arbitrator could be limited to the specific issue necessitating the vacatur. Id. at 190. Therefore, we remanded the case and directed the

3

trial court to vacate the arbitrator's entire award and to direct the arbitrator to consider Hansen's counterclaims. Id.

Following our ruling, SCSJ filed a motion to dismiss the arbitration proceedings. According to SCSJ, the fact that the arbitration award had been vacated meant that no final award had been made, which permitted SCSJ to terminate arbitration in accordance with the original sales contract. The trial court denied the motion.

The trial court then vacated the prior arbitration award in its entirety and remanded the case to the arbitrator directing him to consider Hansen's counterclaim for nonpayment of the promissory notes. The arbitrator issued a new award in which it found in favor of Hansen on the counterclaims on the promissory notes.[2] Specifically, the arbitrator entered an award in favor of Juden Enterprises for $394,931.59 and in favor of Hansen and Hansen Enterprises in the amount of $394,931.59.[3] The arbitrator also found that Williams was liable under his personal

---

[2] In keeping with this Court's directive, the arbitrator also reentered the original award in which it found in favor of Hansen on SCSJ's fraud claims. See *SCSJ Enterprises*, 306 Ga. App. at 190.

[3] The amount of damages on the promissory notes included principal, accrued interest, and attorney fees.

guaranties in the amount of $789,863.18. Finally, the arbitrator required SCSJ and Williams to reimburse Hansen $12,261.35 for the fees and expenses of arbitration.

The trial court confirmed the arbitration award and entered judgment against SCSJ and Williams "jointly and severally, in the amount of $789,863.18." The court also required payment of arbitration fees, attorney fees, and interest, for a total judgment of $814,142.54. SCSJ appeals this ruling.

1. In its first enumeration of error, SCSJ contends that it was entitled to terminate arbitration proceedings under the sales contract and, thus, the trial court erred in remanding the case to the arbitrator. The arbitration clause in the contract provided, in pertinent part, that the arbitration shall promptly proceed to hearing and determination provided, however, that "if a final decision has not been rendered within thirty (30) days after the conclusion of the [arbitration] hearing, then any party may terminate the arbitration and proceed to litigation." Although the arbitrator issued a final decision, SCSJ contends that this Court's subsequent ruling, which vacated the decision, meant no final award had been rendered, permitting SCSJ to terminate arbitration proceedings.

Arbitration in Georgia is a matter of contract. See *Helms v. Franklin Builders*, 305 Ga. App. 863, 864 (700 SE2d 609) (2010) (construction of arbitration agreement

5

is question of law subject to de novo review). As such, "[t]he construction of an arbitration clause in a contract is subject to the ordinary rules of contract construction." (Citation omitted.) *South Point Retail Partners v. North American Properties Atlanta*, 304 Ga. App. 419, 421 (1) (696 SE2d 136) (2010). One such rule requires that we interpret a contract in accordance with its plain language. See id. at 422 (1). Another "well-established rule of contract interpretation [is] that the construction which will uphold a contract in whole and in every part is to be preferred. It is likewise well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless." (Citation and punctuation omitted.) *Etowah Environmental Group v. Advanced Disposal Svcs.*, 297 Ga. App. 126, 131-132 (2) (676 SE2d 456) (2009).

The contract at issue provided that a party could avoid arbitration and proceed to litigation if no final decision was rendered. Here, it is undisputed that the arbitrator rendered a final decision. SCSJ essentially contends that the vacatur of that decision rendered it a nullity. But the mere fact that an award is vacated is not synonymous with the award never having been made. See, e.g., *SCSJ Enterprises*, 306 Ga. App. at 190 ("vacatur of the entire arbitration award will not render the prior proceedings a nullity"). Indeed, if we were to interpret the contract in the manner advocated by

6

SCSJ, we would render the arbitration provision largely meaningless. Accordingly, this argument lacks merit.

2. According to SCSJ, the trial court erred in confirming the award because the arbitrator exceeded his authority by: (a) issuing an award against Williams, who was not a party to the arbitration agreement; (b) issuing an award that deviates from the liquidated damages provisions set forth in the promissory notes; and (c) misinterpreting various default provisions.

The bases for vacating an arbitrator's award are limited to those set forth in OCGA § 9-9-13, and these bases must be strictly construed by the courts.[4] See *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 411 (1) (696 SE2d 663) (2010). A court may not vacate an arbitrator's award on the basis of overstepping authority unless the arbitrator determines matters beyond the scope of

---

[4] Under OCGA § 9-9-13 (b), permissible bases for vacating an arbitrator's award include: "(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law."

7

the case and addresses issues not before him. See *Brookfield Country Club v. St. James-Brookfield, LLC*, 299 Ga. App. 614, 620 (2) (683 SE2d 40) (2009).

(a) SCSJ asserts that the arbitrator exceeded his authority in issuing an award against Williams, who was not a named party to the arbitration agreement.[5] As a general rule, only those signatories to an arbitration agreement may be compelled to arbitrate. See *Witherington v. Adkins*, 271 Ga. App. 837, 842 (1) (610 SE2d 561) (2005). "Nevertheless, under both the [Georgia Arbitration Code] and federal law, in certain circumstances, the theory of equitable estoppel provides a means of bringing a nonsignatory within the terms of an arbitration agreement." (Citations omitted.) *Helms v. Franklin Builders*, 305 Ga. at 866.

Here, Williams signed two guaranties, which obligated him to repay specific notes. The notes, in turn, expressly provided that they were made "subject to the terms and conditions of [the] Memorandum of Sale," which included an arbitration clause. Accordingly, Williams' obligations under the guaranty agreements encompass SCSJ's obligations under the promissory note. Under these circumstances, equitable estoppel may be applied to require Williams' participation in arbitration. See *Helms v. Franklin*

---

[5] Although Williams signed both the promissory notes and the guaranty agreements, he signed the former in his capacity as president and CEO of SCSJ and the latter in his individual capacity.

*Builders, Inc.*, 305 Ga. App. at 866. Moreover, it was Williams who initiated arbitration proceedings against Hansen, and "[a] party cannot rely on [a] contract when it works to [his] advantage and then repute it when it works to [his] disadvantage." (Citation and punctuation omitted.) Id.

(b) SCSJ maintains that the arbitration award does not conform to the liquidated damages provisions specified in the promissory notes. Pretermitting whether the arbitrator departed from the terms of the underlying agreements, SCSJ has presented no basis for this Court to reverse the trial court's judgment.

SCSJ does not contend that the arbitrator overstepped his authority as contemplated by OCGA § 9-9-13 (b) (3). Rather, SCSJ asks this Court to ascertain whether the evidence was sufficient to support the arbitrator's awards against both SCSJ and Williams individually. But "an appellate court will not consider the sufficiency of the evidence underlying an arbitrator's award." (Punctuation and footnote omitted.) *Phan v. Andre & Blaustein, LLP*, 309 Ga. App. 191, 195 (2) (709 SE2d 863) (2011) ("'[A]llowing an appellate court to make a determination of the sufficiency of the evidence in arbitration cases would only frustrate the purpose of arbitration. A primary advantage of arbitration is the expeditious and final resolution

9

of disputes by means that circumvent the time and expense associated with civil litigation.'").

(c) In a related argument, SCSJ asserts that the arbitrator misinterpreted the various default provisions under the documents. For the reasons discussed in Division (2) (b), this argument does not present a valid basis for vacating the award.

3. SCSJ contends that the trial court erred in confirming the arbitration award because the arbitrator manifestly disregarded the law by rejecting SCSJ's defense of failure of consideration and/or recoupment. We disagree.

As we made clear in our decision in *Hansen & Hansen*, manifest disregard of the law involves a two part inquiry:

> [w]e first consider whether the governing law alleged to have been ignored by the arbitrator was well defined, explicit, and clearly applicable. We then look to the knowledge actually possessed by the arbitrator. The arbitrator must appreciate the existence of a clearly governing legal principle but decide to ignore or pay no attention to it. Both of these prongs must be met before a court may find that there has been a manifest disregard of law. An error in interpreting the applicable law does not constitute "manifest disregard." The applicable law must have been deliberately ignored.

(Citations and punctuation omitted.) 299 Ga. App. at 471 (1).

10

SCSJ has not shown that the arbitrator deliberately disregarded the law. To the contrary, the arbitrator included with his award a detailed legal memorandum in which he considered the cases cited by SCSJ, but distinguished them on the facts. The fact that the arbitrator rejected SCSJ's legal argument does not mean he ignored the arguments. This is true even where the arbitrator misconstrues the law. See id.; see also *Savannah Dodge v. Bynes*, 291 Ga. App. 281, 282-283 (661 SE2d 660) (2008). Accordingly, this argument presents no basis for reversal. See *America's Home Place v. Cassidy*, 301 Ga. App. 233, 235-236 (2) (687 SE2d 254) (2009).

4. SCSJ contends that the trial court erred in issuing a judgment that did not conform to the arbitration award. The arbitrator entered an award against SCSJ in favor of Juden Enterprises for $394,931.59; an award against SCSJ in favor of Hansen & Hansen Enterprises for $394,931.59; and an award against Williams as guarantor for $789,863.18. The trial court then entered judgment, finding that "Hansen & Hansen Enterprises, Inc., and Juden Enterprises, Inc., are entitled to recover from Defendants SCSJ Enterprises, Inc., and Shandton Williams, jointly and severally, in the amount of $789,863.18." According to SCSJ, this judgment "inherently assumes an indivisible character to the arbitration award." SCSJ also suggests that the award constitutes a double recovery.

11

Under OCGA § 10-7-1, a guarantor is jointly and severally liable with the principal unless the contract provides otherwise. As Williams signed an unconditional guaranty for both notes that does not preclude joint liability, we fail to see how the trial court's order improperly assumes an indivisible character. See, e.g., *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 232 (1) (461 SE2d 245) (1995) (guarantor jointly and severally liable with principal). We further see no impermissible double recovery. We agree that the arbitrator was somewhat inartful in drafting the award without specifying that the amount owed by Williams under the guaranties was joint and several with SCSJ. But, given the fact that Williams' individual liability arises solely from his role as a guarantor, it cannot reasonably be argued that his obligations would be in addition to the obligations of the principal. See OCGA § 10-7-1. To the extent the arbitrator's award was vague or confusing, the trial court clarified in its judgment that Williams' liability was joint and several with SCSJ.

In a related argument, SCSJ contends the trial court lacked authority to clarify the arbitrator's ruling in the judgment. In support of this contention, SCSJ cites *Phan v. Andre & Blaustein*, supra. SCSJ reads this case too broadly. In *Phan*, we held that a trial court could not enter judgment in an amount greater than that awarded by the arbitrator. See id. at 196 (3). We did not hold, however, that the trial court's judgment

12

must track the exact language of the arbitration award. As long as a trial court's judgment does not affect the merits of the arbitrator's ruling, reversal is not required. See *Lowe v. Center Neurology Assoc.*, 288 Ga. App. 166, 169 (2) (653 SE2d 318) (2007). Furthermore, a trial court may interpret and enforce an ambiguous arbitration award as long as the ambiguity can be resolved from the record. See *Flender Corp. v. Techna-Quip Co.*, 953 F2d 273, 280 II (3) (7th Cir. 1992). Here, the trial court's judgment does not undermine the merits of the arbitration award. If anything, the judgment simply clarified an ambiguity. See id.

*Judgment affirmed. Phipps, P. J., concurs. Dillard, J., concurs in judgment only.*