# Court of Appeals
# of the State of Georgia

ATLANTA, August 03, 2020

*The Court of Appeals hereby passes the following order:*

## A21E0004. D. RICHARD WELLS et al. v. SUSAN WELLS-WILSON.

D. Richard Wells and First Nolia Enterprises, Inc. ("Appellants") have filed a "Emergency Motion to Stay Pending Appeal" pursuant to this Court's Rule 40 (b). Court of Appeals Rule 40 (b) vests this Court with the inherent authority to issue emergency orders "as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. This power shall be exercised sparingly."

This appeal arises from an order ruling on Appellee Susan Wilson-Wells' motion to confirm an arbitration award and Appellants' motion to vacate the same arbitration award. The trial court granted the motion to vacate, and identified three specific issues that would be re-considered on remand to the arbitrator. However, the trial court did not remand the case for re-consideration of the issues raised by Appellants. See *SCSJ Enterprises v. Hansen & Hansen Enterprises*, 306 Ga. App. 188, 189 (702 SE2d 12) (2010) (Georgia law requires that, "if a trial court vacates an arbitration award, it may do so only in its entirety[,] but also that "a rehearing may be limited to the specific issues necessitating the vacatur[, and] that the vacatur of the entire arbitration award will not render the prior proceedings a nullity") (citations omitted). Appellant Wells filed a notice of appeal from this order on July 29, 2020 and Appellant First Nolia filed a notice of appeal on July 31, 2020.

Appellants now argue that the American Arbitration Association's ("AAA") expressed intent to move forward with arbitration on the scheduled date of August 7, 2020, violates OCGA § 9-11-62 ten-day limited stay and the mandatory supersedeas granted by OCGA § 5-6-46 because it would force Appellants to arbitrate during the

pendency of their appeal and would render their appeals moot.

We note that correspondence from the AAA to parties indicates that it intended to observe the 10-day stay mandated by OCGA § 9-11-62 (a), but that it would "take any necessary administrative steps during that time period in order to be ready to proceed once that stay is concluded[,] . . . [and] that the AAA intends to proceed without administration of this matter once the initial 10 day stay as expired.

However, OCGA § 5-6-46 provides that "in civil cases, the notice of appeal filed a provided in [OCGA §] 5-6-37 and 5-6-38 shall serve as supersedeas upon payment of all costs in the trial court by the appellant[.]" "[S]upersedeas is presumed to attach in civil cases as soon as a notice of appeal is filed. This deprives the trial court of the authority to act on the judgment on appeal." (Citation and punctuation omitted.) *Jones v. Peach Trader, Inc.*, 302 Ga. 504, 507 (II) (807 SE2d 840) (2017). Further, an order vacating an arbitration award and remanding it for further proceedings constitutes a final judgment for purposes of our appellate review. See OCGA § 9-9-13 (e); *King v. King*, 354 Ga. App. 19 (840 SE2d 108) (2020) ("the court's judgment is deemed final for appeal purposes, even though it is undisputed the case must be returned to the arbitrator for rehearing") (citation omitted).

Accordingly, we conclude that Appellant's filing of their notices of appeal have divested the AAA of jurisdiction to proceed with the scheduled arbitration on August 7, 2020. If the arbitration were allowed to proceed before Appellants' appeals were heard, the issues would become moot and this Court would be unable to rule upon them. See *12052 Associations v. W. C. Carson, Inc.*, 202 Ga. App. 731 (415 SE2d 298) (1992). Accordingly, to prevent the contested issues in this case from becoming moot, we GRANT Appellant's motion to stay the arbitration proceedings pending his appeal.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  08/03/2020*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*