**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 18, 2014**

# In the Court of Appeals of Georgia

A13A1974. PAYTON v. JACKSON.

ANDREWS, Presiding Judge.

Audrey Payton, a Fulton County employee with a salary grievance, filed an application for discretionary appeal of a superior court order that vacated an arbitration award in her favor. Because there is nothing in the trial court's order that allows us to determine on what grounds the trial court granted the petition to vacate the arbitration award, we vacate the order and remand the case to the trial court for proper consideration of Payton's petition to confirm the award.

The record shows that Payton worked as a deputy sergeant in the internal affairs division of the Fulton County Sheriff's Office. Her base salary was approximately $46,000 per year, and she also received $8,866 per year in parity pay. Parity pay, implemented by the County in 2001, is meant to ensure that law

enforcement employees working in jobs with similar responsibility and/or risk levels in different agencies receive the same pay.

In April 2010, the Sheriff reassigned ten employees, including Payton, to different divisions. Payton was assigned to work in the courthouse, a position that does not include parity pay. Neither her rank nor her salary changed, but she no longer received parity pay in that position.

Payton filed a grievance with her supervisor in accordance with the County's grievance procedure for handling job-related complaints. She sought reinstatement of her parity pay, as well as back pay, interest, and attorney fees. Payton's grievance was denied and she appealed her case to an arbitrator.

At the arbitration hearing, Payton testified that her supervisor told her that she was selected for reassignment due to "negative information" about her. Payton tried to discover the nature of this information so she could address it, but her supervisor never responded to her inquiries.

Before the arbitration hearing began, Fulton County argued that Payton's transfer could not be classified as a demotion because it did not result in any reduction of her base salary, grade, or classification. The arbitrator accepted this argument and phrased the issue before him as whether the County acted arbitrarily

and capriciously in transferring Payton to a position that did not include parity pay. At the end of the hearing, the arbitrator concluded that the transfer was "an adverse action without good and sufficient reasons" and was inconsistent with Fulton County policy. The arbitrator found that telling Payton that her move to internal affairs was based on "negative information" and then not providing that information so that she could address the issue was a violation of policy. Accordingly, the arbitrator found that the only appropriate remedy was to return her to her former position in internal affairs.

Payton filed a petition to confirm the award and the Sheriff filed a petition to vacate the award. The trial court granted the Sheriff's petition to vacate. This appeal followed.

OCGA § 9-9-13 lists five grounds for vacating arbitration awards:

(b) The award shall be vacated on the application of a party who . . . participated in the arbitration . . . if the court finds that the rights of that party were prejudiced by:

(1) Corruption, fraud, or misconduct in procuring the award;

(2) Partiality of an arbitrator appointed as a neutral;

3

(3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;

(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or

(5) The arbitrator's manifest disregard of the law.

. . .

(d) The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

The law is that the Arbitration Code

places strict limits on the scope of a trial court's review of an arbitrator's award *and on any subsequent review by an appellate court.* [In fact, the] "Code requires courts to give extraordinary deference to arbitration awards and commands that a trial court shall confirm an award upon application of a party made within one year after its delivery to the party, unless the award is vacated or modified by the court as provided in the Arbitration Code.

4

*Brookfield Country Club v. St. James-Brookfield, LLC*, 299 Ga. App. 614, 617 (683 SE2d 40) (2009).

In this case, the Sheriff has consistently argued that the transfer of Sgt. Payton was not a demotion. After the arbitrator rendered his decision, the Sheriff argued in his petition to vacate the award that the arbitrator must have considered this a demotion and only the Personnel Board had the authority to order Payton returned to her previous position because only the Personnel Board can hear issues involving demotion.[1]

"[C]ourts cannot inquire into the merits of an arbitrable controversy; arbitrators are free to award on the basis of broad principles of fairness and equity; and an arbitrator need not make findings or state the reasons in support of the award. Indeed, so as not to frustrate the very purpose of arbitration (which is to avoid litigation), a trial court's role is severely curtailed. (Citations, punctuation and footnotes omitted.) *Barron Reed Constr. v. 430, LLC,* 275 Ga. App. 884, 887 (622 SE2d 83) (2005).

---

[1] We note that the Sheriff's appellate brief fails to provide us with any meaningful citations to the record. Many of the citations are to vast portions of the record which is the equivalent of failing to provide any record cites at all, and is a violation of the rules of this Court.

Further, when a motion to vacate or confirm an arbitration award is before the court, the court may not inquire into the merits of the dispute or consider the sufficiency of the evidence. *Doman v. Stapleton,* 272 Ga. App. 114, 117 (611 SE2d 673) (2005). "The burden of proof is on the one seeking to set aside an award. This showing is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions. *ABCO Builders*, 282 Ga. [308, 309 (647 SE2d 574) (2007)]." *Patterson v. Long*, 321 Ga. App. 157, 160 (741 SE2d 242) (2013).

It follows that, when a trial court vacates an arbitration award, the order must specifically set out the grounds supporting the vacatur and the reasoning behind it in order for this Court to determine whether the order was issued in accordance with the stringent requirements set out above. Here, the trial court's order vacates the award without specifying the grounds or providing any explanation. Although the order states that it is adopting the findings of fact and conclusions of law submitted by the Sheriff, the Sheriff's filing more closely resembles a brief than it does an order and is insufficient to serve as the entire order of the court. We therefore decline to analyze it for error and will not affirm it.

*Judgment vacated and case remanded. Dillard and McMillian, JJ., concur.*

6