**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 10, 2016**

# In the Court of Appeals of Georgia

A16A0680. BRAZZEL v. BRAZZEL.

ANDREWS, Presiding Judge.

Lester Brazzel, Jr. appeals from a superior court order and final judgment denying his motion to vacate an arbitrator's decision regarding child custody and other matters, and granting the motion of his former wife, Ashley Brazzel, to confirm the decision. For the following reasons, we affirm.

Lester and Ashley Brazzel were divorced in 2010 with two minor children the issue of their marriage. Pursuant to the divorce decree and a 2012 order modifying child custody, the parents were awarded joint legal and physical custody of the children with primary physical custody in Ms. Brazzel. In 2013, Ms. Brazzel filed a motion seeking modification of child custody and support, Mr. Brazzel counterclaimed for custody and support modification, and both parties filed motions

for contempt. The parties agreed to consolidate and submit to binding arbitration all the issues presented in the motions, including an agreement pursuant to OCGA § 19-9-1.1 to submit the child custody-related issues to binding arbitration. After hearing evidence, the arbitrator issued his decision in June 2015, which included a finding that, since the last custody award, there had been a material change of condition adversely affecting child welfare, and that it was in the best interests of the children that custody be modified by awarding primary legal and physical custody to Ms. Brazzel, and secondary legal and physical custody to Mr. Brazzel. Ms. Brazzel moved pursuant to OCGA § 9-9-12 of the Georgia Arbitration Code (GAC) (OCGA § 9-9-1 et seq.) for superior court confirmation of the arbitrator's decision, and Mr. Brazzel moved pursuant to OCGA § 9-9-13 of the GAC for the court to vacate the decision, and to "set the matter for an evidentiary hearing before [the] Court to determine the best interests of the children under OCGA §[§] 19-9-1.1 and 19-9-3 before modifying custody." In September 2015, the superior court entered an order and judgment denying Mr. Brazzel's motion to vacate the decision, and granting Ms. Brazzel's motion to confirm the arbitrator's decision, thereby incorporating the arbitrator's custody-related decisions.

1. Mr. Brazzel contends that the superior court's order confirming the arbitrator's decision on issues related to child custody violated the provisions of OCGA § 19-9-1.1 because the court erroneously found: (1) that it was bound by the arbitrator's decision on these issues, and (2) that it had no independent duty to determine the best interests of the children.

OCGA § 19-9-1.1 provides that in all proceedings under OCGA Title 19, Chapter 9, Article 1,

> it shall be expressly permissible for the parents of a child to agree to binding arbitration on the issue of child custody and matters relative to visitation, parenting time, and a parenting plan. The parents may select their arbiter and decide which issues will be resolved in binding arbitration. The arbiter's decisions shall be incorporated into a final decree awarding child custody unless the judge makes specific written factual findings that under the circumstances of the parents and the child the arbiter's award would not be in the best interests of the child. In its judgment, the judge may supplement the arbiter's decision on issues not covered by the binding arbitration.

In its order confirming the arbitrator's child custody-related decisions, the superior court correctly rejected Mr. Brazzel's contention that OCGA § 19-9-1.1 required the court to conduct an evidentiary hearing for the purpose of making an independent custody award in the best interests of the children. A trial court considering a petition for modification of child custody should grant the petition only if the court finds a

3

material change of condition affecting child welfare since the last custody award, and the court must exercise its discretion to determine the child's best interest in making any new award of custody. *Viskup v. Viskup*, 291 Ga. 103, 105 (727 SE2d 97) (2012); OCGA § 19-9-3 (b). In this case, after petitioning the court for modification of child custody, Mr. and Ms. Brazzel agreed pursuant to OCGA § 19-9-1.1 to submit the child custody-related issues to "binding arbitration." Having done so, OCGA § 19-9-1.1 provided that the issue "will be resolved in binding arbitration" and that "[t]he arbiter's decisions shall be incorporated into [the court's] final decree awarding child custody unless the judge makes specific written factual findings that under the circumstances of the parents and the child the arbiter's award would not be in the best interests of the child." After the arbitrator rendered the decision on the custody issues, nothing in OCGA § 19-9-1.1 authorized the court to independently decide the custody issues based on the court's determination of the best interests of the children, or to substitute court custody decisions for the decisions of the arbitrator. Rather, the plain language of OCGA § 19-9-1.1 required the court: (1) to consider whether "under the circumstances of the parents and the child[ren]" the arbitrator's custody decisions would not be in the best interests of the children, and (2) to incorporate the decisions into the court's final decree awarding child custody unless the court made written

4

factual findings that the decisions were not in the children's best interests.[1] Pursuant to OCGA § 19-9-1.1, the court's confirmation order incorporated the arbitrator's custody-related decisions and showed that the court considered the circumstances of the parents and children (as set forth in the arbitration decision's detailed factual findings) and found no basis to conclude that the decisions would not be in the best interests of the children. Nothing in the court's order can be construed to show that

[1] Only if a court determines under OCGA § 19-9-1.1 that an issue decided by the arbitrator would not be in the best interests of the child does the statute require the court to make specific written factual findings setting forth that determination. In that case, OCGA § 19-9-1.1 does not authorize the court to litigate issues subjected to binding arbitration and decide what is in the best interests of the child. Rather, those issues remain subject to the agreement for binding arbitration, but the arbitrator's award is vacated under OCGA § 19-9-1.1 by the court's determination, and the issues on which the court issued its factual findings are returned to arbitration for rehearing in light of the court's findings. See OCGA § 9-9-13 (e).

Moreover, the reference in OCGA § 19-9-1.1 to an agreement for "binding arbitration" shows the legislature's intent that the agreed arbitration of custody-related issues be conducted pursuant to the safeguards against arbitral abuse contained in the GAC. OCGA § 9-9-2 (c). So when the arbitrator's award is not vacated by operation of OCGA § 19-9-1.1, the award is otherwise subject to being vacated pursuant to an application to vacate filed pursuant to the GAC. And when there is no basis to vacate under the GAC, the award may be otherwise vacated under OCGA § 19-9-1.1. While promoting the efficient resolution of child custody and related issues by binding arbitration, OCGA § 19-9-1.1 recognizes that it is the ultimate duty of the court to ensure that any arbitrator-made award on those issues which is confirmed and made the court's final judgment or decree is consistent with the best interests of the child. See *Page v. Page*, 281 Ga. 155, 156 (635 SE2d 762) (2006).

the court erroneously believed it was bound by the arbitrator's custody decisions regardless of the circumstances of the parents and children. There is no basis to conclude that the superior court violated the provisions of OCGA § 19-9-1.1.

2. Mr. Brazzel claims on various grounds under the GAC that the superior court erred by denying his motion to vacate the arbitration decision.

Because the GAC "was designed to preserve and ensure the efficacy and expediency of arbitration awards" the basis on which a reviewing court may grant a party's application to vacate an arbitration award is "strictly limited to five statutory grounds set forth in OCGA § 9-9-13 (b)" as follows:

> The award shall be vacated . . . if the court finds that the rights of that party were prejudiced by:
>
> (1) Corruption, fraud, or misconduct in procuring the award;
>
> (2) Partiality of an arbitrator appointed as a neutral;
>
> (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;
>
> (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or
>
> (5) The arbitrator's manifest disregard of the law.

6

*ABCO Builders, Inc. v. Progressive Plumbing, Inc.*, 282 Ga. 308, 309 (647 SE2d 574) (2007). Unless the court vacates or modifies the arbitration award, the court must grant a party's application under the GAC to confirm the award. OCGA § 9-9-12. The burden was on Mr. Brazzel to demonstrate the existence of a statutory ground for vacating the arbitration award. *Greene v. Hundley*, 266 Ga. 592, 596, n. 24 (468 SE2d 350) (1996). Moreover, to avoid frustrating the purpose of arbitration – the resolution of civil disputes by means that avoid the time and expense of court litigation – the court reviewing an application pursuant to the GAC to vacate the arbitration award is prohibited from considering the sufficiency or weight of the evidence presented to the arbitrator "regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene*, 266 Ga. at 597. Accordingly, "[t]he [GAC] demands that courts give extraordinary deference to the arbitration process and awards." *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 287 Ga. 408, 411 (696 SE2d 663) (2010) (citation and punctuation omitted). Applying these principles, we find that the court did not err by denying the motion to vacate.

(a) Mr. Brazzel contends that, because the arbitration award failed to specifically address one of the allegations in his contempt petition against Ms. Brazzel, this constituted an "imperfect execution" of the arbitrator's authority so that

7

"a final and definite award upon the subject matter submitted [for arbitration] was not made" – a ground for vacating the award under OCGA § 9-9-13 (b) (3). Specifically, Mr. Brazzel complains that the arbitration award did not address an allegation in his contempt petition that Ms. Brazzel violated a court order by involving one of the children in discussions and disagreements between the parties. The award shows that the arbitrator considered and specifically ruled on numerous contempt allegations asserted by Mr. and Ms. Brazzel in their cross-petitions for contempt, but not the above-stated contempt allegation by Mr. Brazzel. It is undisputed that the arbitration hearing was transcribed and that Mr. Brazzel did not produce a complete transcript of the arbitration hearing in support of his motion to vacate. Rather, in support of his various claims, Mr. Brazzel provided the reviewing court with transcriptions of selected excerpts of the arbitration hearing. We find that the short excerpt of the hearing that Mr. Brazzel provided to the court on this claim did not show evidence presented to the arbitrator supporting or refuting the above-stated contempt allegation. Moreover, without a complete transcript of the arbitration hearing, the reviewing court was unable to determine whether any evidence was presented to the arbitrator on this issue, and Mr. Brazzel failed to carry his burden to show that he was prejudiced by a failure or refusal of the arbitrator to rule on the issue. *Bennett v.*

8

*Builders II*, 237 Ga. App. 756, 757 (516 SE2d 808) (1999). The court did not err by finding the absence of a transcript was a basis for denying the motion to vacate. The fact that Mr. Brazzel filed a complete transcript of the arbitration hearing in this Court as part of the record on appeal does not change this result. In reviewing claims that the reviewing court erred, this Court will not consider a transcript of the arbitration hearing not presented to or reviewed by the court below. See *Frieson v. South Fulton Medical Center*, 255 Ga. App. 217, 217 (564 SE2d 821) (2002) (appellate court corrects enumerated errors based on the record presented to the lower court).

(b) Mr. Brazzel contends that the reviewing court should have vacated the award because the arbitrator overstepped his authority by deciding matters that were not submitted for arbitration in the parties' arbitration agreement. OCGA § 9-9-13 (b) (3). "[A]rbitration is a matter of contract, meaning that arbitrators derive their authority to resolve disputes only from the parties' agreement." *Berger v. Welsh*, 326 Ga. App. 290, 293 (756 SE2d 545) (2014) (citation and punctuation omitted). In their arbitration agreement, Mr. and Ms. Brazzel agreed to submit to binding arbitration the pending proceedings for modification of child custody and support and the cross-proceedings for contempt, and agreed to arbitrate "all matters and issues in connection with" those proceedings. Mr. Brazzel contends that the arbitrator

9

overstepped by issuing an award regarding: (i) reimbursement to Ms. Brazzel of $1,512.88 for the children's medical expenses owed pursuant to court order; (ii) the provision of documentary proof to Ms. Brazzel showing the existence of court-ordered life insurance and 529 educational accounts for the children's benefit; and (iii) religious and schooling decisions for one of the children. Because these were matters within the scope or connected with the proceedings the parties submitted to arbitration, Mr. Brazzel failed to demonstrate that the arbitrator overstepped his authority. Moreover, as set forth in subsection 2. (a), supra, the failure to produce a complete transcript of the arbitration hearing precluded the reviewing court from considering Mr. Brazzel's argument that these matters were not raised at the hearing.

(c) Mr. Brazzel contends that his motion to vacate the award should have been granted pursuant to OCGA § 9-9-13 (b) (4) because the arbitrator failed to follow procedures mandated by the GAC. According to Mr. Brazzel, his right under OCGA § 9-9-8 (b) to be heard and to cross-examine two witnesses at the hearing was impaired.

As to the first witness, the parties mutually selected a psychologist to evaluate the parents and children and to issue a report and testify. After Mr. Brazzel and his counsel met with the psychologist, they sent an e-mail to Ms. Brazzel and the

10

arbitrator which expressed no confidence that the psychologist would complete the report in a timely fashion and stated they wanted to discuss replacing the psychologist with another mutually agreeable therapist. Mr. Brazzel complains that Ms. Brazzel and her counsel informed the psychologist about the e-mail, thereby prejudicing the psychologist's testimony in favor of Ms. Brazzel, and that, because Mr. Brazzel discovered this after the hearing, he was denied the ability to cross-examine the witness about the prejudice. As Ms. Brazzel points out, the parties' arbitration agreement provided that the parties could contact the psychologist during the course of the evaluation "as each may deem appropriate" and that the psychologist was free to "discuss the progress of the evaluation with the attorneys individually or jointly." But even assuming that providing the e-mail to the psychologist violated an agreed procedure, Mr. Brazzel's failure to provide the reviewing court with a transcript of the arbitration hearing prevented the court from conducting a review to determine whether any prejudice resulted. *Bennett*, 237 Ga. App. at 757.

As to the second witness, Mr. Brazzel contends that, after the arbitration hearing, he discovered that an expert witness who testified for Ms. Brazzel failed to produce her entire file (in response to requests for production) and that this prevented him from being able to investigate the nature of unrevealed conversations between

11

the witness and Ms. Brazzel's counsel and to fully cross-examine the witness. Again, even assuming that discoverable information was not provided and that GAC procedure was not followed, because Mr. Brazzel failed to provide the reviewing court with a complete transcript of the arbitration hearing, he failed to carry his burden of demonstrating prejudice. Id.

3. Mr. Brazzel contends that the superior court erred by confirming the arbitrator's decision because of various provisions in the decision.

(a) Mr. Brazzel complains that the decision contained a provision stating that, until confirmed (or otherwise ruled upon) by the reviewing court, the decision remained binding on the parties as a temporary order in the case. Nothing in the record shows any enforcement of the temporary order provision in the arbitration decision prior to confirmation. Mr. Brazzel did not ask the reviewing court to vacate the decision on this basis under any statutory ground set forth in OCGA § 9-9-13 (b), and on appeal he cites no statutory ground for vacating the decision or prejudice resulting from confirmation. We find the reviewing court did not err by confirming the decision. OCGA § 9-9-12.

(b) Mr. Brazzel contends that the arbitrator's decision contains self-executing provisions which made automatic changes (at a future time) regarding his visitation

12

rights or parenting time, and that these provisions violated Georgia public policy requiring judicial determination of the child's best interests at the time of the change. Mr. Brazzel moved for the reviewing court to vacate the June 2015 decision because it included provisions such as "changes in visitation starting with the [2015-2016] school year" and "change of holiday time . . . beginning at the Thanksgiving holiday in 2015." With respect to one of the children, the parenting plan portion of the June 2015 decision automatically increased Mr. Brazzel's visitation/parenting time "with the resumption of classes for the 2015-2016 school year" and automatically increased his holiday parenting time "[c]ommencing with the 2015 Thanksgiving holiday." Apparently, Mr. Brazzel contends that the reviewing court should have granted his motion to vacate the decision because these automatic increases to his visitation/parenting time were made without a judicial determination (at the time of the increases) that they were in the best interests of the child.

A visitation provision in a divorce or modification order is self-executing when it automatically makes a material change to visitation rights based on a future event without any additional judicial consideration of the best interests of the child at the time of the change. *Dellinger v. Dellinger*, 278 Ga. 732, 733-734 (609 SE2d 331) (2004). Public policy requires that in determining custody and visitation matters the

court must consider the best interests of the child. Id. at 733; see OCGA § 19-9-3 (a) (2). Accordingly, any provision containing a self-executing material change to visitation which fails to properly consider the best interests of the child at the time of the change violates public policy and must be stricken. *Dellinger*, 278 Ga. at 733-736.

> [S]elf-executing material changes in visitation violate this State's public policy founded on the best interests of a child unless there is evidence before the court that one or both parties have committed to a given course of action that will be implemented at a given time; the court has heard evidence how that course of action will impact upon the best interests of the child or children involved; and the provision is carefully crafted to address the effects on the offspring of that given course of action.

Id. at 733-734. Assuming that the automatic visitation changes at issue were of sufficient magnitude to be considered material changes, we find evidence in the arbitration record (set forth in the arbitration decision's detailed factual findings) showing that the arbitrator properly considered the best interests of the child at the time of the automatic visitation changes. There was evidence of estrangement between Mr. Brazzel and the child at issue when the arbitration decision was issued. The record shows that the arbitrator's June 2015 decision appointed a reunification therapist with the goal of improving the relationship between Mr. Brazzel and the child; required adherence to a schedule of appointments with the therapist; and with

14

the expectation of an improved relationship between father and child included automatic increases in visitation and parenting time in the fall of 2015 after a few months of therapy. This was evidence that the parties committed to a course of action in a given time frame to improve the parent-child relationship and facilitate the increases in visitation and parenting time in the best interests of the child.

The provisions in the arbitrator's decision automatically changing visitation did not violate public policy. It follows that, upon consideration of the circumstances of the parents and children, the superior court's confirmation order properly incorporated the arbitrator's custody and visitation decisions, and correctly denied Mr. Brazzel's motion seeking to vacate the decision under OCGA § 19-9-1.1. See Division 1, supra.

(c) We find no merit to Mr. Brazzel's claim that the superior court erred by confirming the arbitrator's decision awarding attorney fees in favor of Ms. Brazzel. The record shows that the parties agreed to submit applications for legal fees and expenses to the arbitrator, and Mr. Brazzel asserted no statutory ground under OCGA § 9-9-13 (b) which provided a basis to vacate the decision. *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 596-599 (499 SE2d 693) (1998). Specifically, we find no support in the record for claims that the arbitrator's decision on this issue was the product of

15

bias or misconduct, or that the arbitrator imperfectly executed his authority. OCGA § 9-9-13 (b) (1), (3); *Haddon*, 231 Ga. App. at 596-599; *Hansen & Hansen Enterprises, Inc. v. SCSJ Enterprises, Inc.*, 299 Ga. App. 469, 472-473 (682 SE2d 652) (2009). The arbitrator exercised inherent authority to fashion a remedy based on statutory grounds for the award of attorney fees on the arbitrated issues. Id. at 473; see OCGA §§ 19-6-2; 19-6-15 (k) (5); 19-9-3 (g). Finally, any claim that the award lacked evidentiary support is not a basis for vacating the arbitrator's decision. *Hansen*, 299 Ga. App. at 472.

*Judgment affirmed. Doyle, C. J., concurs. Ray, J., concurs in Divisions 2 and 3 (a) and (c), and in the judgment.*