**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 27, 2020**

# In the Court of Appeals of Georgia

A20A0034. KING v. KING.

BARNES, Presiding Judge.

This is a divorce action in which Debra Gray King (the "wife") and Daniel Rossen King (the "husband") agreed to arbitration. The superior court ultimately vacated the arbitration award based on, among other things, the arbitrator's failure to comply with a provision of the parties' arbitration agreement incorporated into a consent order that required the arbitrator to make written findings of fact and conclusions of law. Following the grant of her application for discretionary review, the wife appeals from the trial court's order vacating rather than confirming the arbitration award. For the reasons set forth below, we affirm.

The record reflects that the parties married in July 1991 and have three adult children. In October 2016, the wife filed the present divorce action in the Superior

Court of Fulton County. The parties subsequently agreed to mediation, and if mediation failed, to binding arbitration. The parties' agreement specified the procedure that would be followed in the arbitration if the mediation was unsuccessful and the format of the award issued by the arbitrator, and the agreement was incorporated into a consent order entered by the superior court (the "Consent Order"). Among other things, the Consent Order required the arbitrator to address all issues not resolved in the mediation and stated:

> Each party agrees that the arbitrator's award is binding in all respects upon all Parties and shall be entered as a final judgment in the Superior Court of Fulton County, State of Georgia or any court of competent jurisdiction. As part of the Award, the arbitrator shall prepare Findings of Fact and Conclusions of Law to be submitted to the Court to be confirmed for signature and entry and which shall become the Final Judgment and Decree of Divorce once confirmed by the Court.[1]

After mediation failed to resolve the parties' dispute, the parties participated in arbitration that extended over several days. The arbitration was not transcribed. Following the arbitration, the arbitrator issued a written award that purported to

---

[1] The wife points to emails between the parties and the arbitrator that she argues reflect that before the mediation and arbitration commenced, the parties agreed to a less formal arbitration process in certain respects than was set forth in the Consent Order in the event that arbitration was necessary. Those emails, however, do not discuss the provision of the Consent Order requiring that an arbitration award submitted to the superior court include findings of fact and conclusions of law.

"resolve[ ] all claims between the parties," including all issues regarding the division of marital property raised at the arbitration hearing (the "Arbitration Award" or "Award"). The Arbitration Award also stated that the parties had agreed to the manner in which their personal property would be divided and that a personal property settlement agreement signed by the parties was incorporated into the Award.

The wife filed a motion to confirm the Arbitration Award in the superior court under the Georgia Arbitration Code, OCGA § 9-9-1 et seq. (the "Arbitration Code"). The husband opposed the motion to confirm and filed a motion to clarify and modify the Arbitration Award, contending that the arbitrator's authority was imperfectly executed because the Award was conclusory in nature and did not contain any findings of fact and conclusions of law as required by the Consent Order. The husband also filed a motion to vacate the Arbitration Award in which he asserted that the arbitrator had overstepped and imperfectly executed his authority by failing to make the required findings of fact and conclusions of law. The husband contended that the Arbitration Award was flawed in several other respects, including that some of the marital assets were omitted from the equitable division of property, that the arbitrator had not determined the marital or separate property status of certain realty purchased by the wife, and that the parties had never agreed to and signed a

3

settlement agreement resolving their dispute over the division of their personal property.

On December 21, 2018, the superior court denied the wife's motion to confirm the Arbitration Award, concluding that "the lack of completeness of the Arbitrator's Award regarding among other things, findings of fact and conclusions of law, distribution of personal property and proceeds from sale of certain realty by [the wife]," established imperfect execution of the arbitrator's authority (the "December 2018 Order"). The superior court remanded the case to the arbitrator so that all matters could be fully addressed and resolved.

Following remand to the arbitrator, a dispute arose over an alleged ex parte communication between the arbitrator and the wife's counsel and over whether the arbitrator had a conflict of interest based on his prior engagements by the law firm of the wife's counsel. The husband requested that the arbitrator recuse himself from further participation in the arbitration proceedings. In January 2019, the arbitrator voluntarily recused himself, denying that there was any meritorious ground for recusal but nevertheless concluding that he would recuse from the matter to avoid any appearance of impropriety and to ensure confidence in the outcome of the arbitration proceedings.

4

The wife then filed in the superior court a renewed motion to confirm the Arbitration Award, motion for reconsideration of the December 2018 Order, and motion for contempt against the husband. On May 29, 2019, the superior court denied the wife's motions and reaffirmed its December 2018 Order, finding that the Arbitration Award "was imperfectly executed for the reasons set forth in [that] Order" (the "May 2019 Order"). The superior court reiterated that the Arbitration Award did not contain findings of fact and conclusions of law as required by the Consent Order and held that the deficiencies in the Award could not be remedied in light of the arbitrator's recusal. Consequently, the trial court vacated the Arbitration Award and remanded the matter for arbitration before a replacement arbitrator, "with direction that all matters be fully addressed, including findings of fact and conclusions of law and disposition of all issues between the parties in this matter." The wife subsequently filed her application for discretionary review of the May 2019 Order, which this Court granted, resulting in the present appeal.

1. As a threshold matter, the husband argues that the wife's appeal of the May 2019 Order should be dismissed for lack of jurisdiction. According to the husband, the superior court's May 2019 Order was an interlocutory ruling because the court in substance merely declined to reconsider its December 2018 Order and remanded the

5

matter for further arbitration proceedings before a final divorce decree could be entered. Consequently, the husband argues, the wife was required to follow this Court's interlocutory appeal procedures set out in OCGA § 5-6-34 (b) to appeal from the May 2019 Order, including obtaining a certificate of immediate review from the trial court, which the wife failed to do, thereby necessitating dismissal of the appeal. See *Mayor &c Aldermen of City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) (order denying motion for reconsideration is an interlocutory order that "can be the subject of an application for interlocutory appeal if a certificate of immediate review is obtained from the trial court"). We are unpersuaded.

The May 2019 Order included the trial court's decision to vacate the Arbitration Award. OCGA § 9-9-13 of the Arbitration Code addresses the vacatur of arbitration awards, and subsection (e) of that statute plainly and unambiguously provides that an order vacating such an award constitutes a final judgment for purposes of appellate review. See OCGA § 9-9-13 (e).[2] And, as we have

---

[2] OCGA § 9-9-13 (e) states in part:

Upon vacating an award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrators or before new arbitrators appointed as provided by this part. . . . The court's ruling or order under this Code section shall constitute a final judgment and

explained,"the court's judgment is deemed final for appeal purposes [under OCGA § 9-9-13 (e)] even though it is undisputed the case must be returned to the arbitrator for rehearing." *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 669 (452 SE2d 188) (1994). Thus, contrary to the husband's argument, the May 2019 Order was not interlocutory.

Furthermore, given that the underlying subject matter of this case was divorce, the appropriate method for appeal from the May 2019 Order was an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2),[3] which applies to appeals

---

shall be subject to appeal in accordance with the appeal provisions of this part.

[3] OCGA § 5-6-35 provides in pertinent part:
    (a) Appeals in the following cases shall be taken as provided in this Code section:
. . .
        (2) Appeals from judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders . . . .
. . .
    (b) All appeals taken in cases specified in subsection (a) of this Code section shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review.

7

from judgments or orders in divorce cases, rather than a direct appeal pursuant to OCGA § 5-6-34 (a) (1),[4] which applies to final judgments generally. See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) ("Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or § 5-6-35.") (citation and punctuation omitted); *Self v. Bayneum*, 265 Ga. 14, 14 (453 SE2d 27) (1995) ("Since the underlying subject matter is divorce, [the appellant] was required to file an application for appeal as provided in OCGA § 5-6-35 (a) (2)."); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522 (521 SE2d 456) (1999) (noting that the underlying subject matter determines whether discretionary or direct appeal is authorized "even if a remedy such as arbitration is sought"). Accordingly, the present appeal is properly before us based on the grant of the wife's application for discretionary appeal.

---

[4] OCGA § 5-6-34 provides in pertinent part:

(a) Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the Georgia State-wide Business Court, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state:

(1) All final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35[.]

2. The wife contends that the superior court erred in vacating the Arbitration Award. We disagree.

To further the legislative purpose of permitting contracting parties to obtain "the expeditious and final resolution of disputes by means that circumvent the time and expense associated with civil litigation," the Arbitration Code strictly limits the scope of a superior court's review of an arbitration award. *Greene v. Hundley*, 266 Ga. 592, 597 (3) (468 SE2d 350) (1996). See *America's Home Place v. Cassidy*, 301 Ga. App. 233, 233-234 (687 SE2d 254) (2009). In this regard, OCGA § 9-9-13 (b) sets out the narrow circumstances under which a superior court can vacate an arbitration award:

> The [arbitration] award shall be vacated. . . if the court finds that the rights of that party were prejudiced by:
> (1) Corruption, fraud, or misconduct in procuring the award;
> (2) Partiality of an arbitrator appointed as a neutral;
> (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;
> (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or
> (5) The arbitrator's manifest disregard of the law.

9

These five statutory bases are the exclusive grounds for vacating an arbitration award. *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007). Furthermore, in addition to showing one of the five listed statutory grounds, a party seeking vacatur under OCGA § 9-9-13 (b) must show that his or her rights were prejudiced as a result of one of the listed grounds. *Conmac Corp. v. Southern Diversified Dev.*, 245 Ga. App. 895, 898 (1) (c) (539 SE2d 532) (2000); *Bennett v. Builders II*, 237 Ga. App. 756, 757 (3) (516 SE2d 808) (1999). "Unless the court vacates or modifies the arbitration award, the court must grant a party's application under the [Arbitration Code] to confirm the award. OCGA § 9-9-12." *Brazzel v. Brazzel*, 337 Ga. App. 758, 761 (2) (789 SE2d 626) (2016). Mindful of these principles, we turn to the record and arguments raised in the present case.

In its May 2019 Order, the superior court vacated the Arbitration Award based on OCGA § 9-9-13 (b) (3). Specifically, the superior court ruled that there had been "imperfect execution" of the arbitrator's authority under OCGA § 9-9-13 (b) (3) because, among other things, the Arbitration Award did not contain findings of fact and conclusions of law as expressly required by the parties' arbitration agreement incorporated into the Consent Order.

10

(a) The wife first argues that the superior court erred in vacating the Arbitration Award because the Award included sufficient findings of fact and conclusions of law to substantially comply with the Consent Order. A review of the Arbitration Award, however, belies the wife's argument.

A number of sections in the Arbitration Award begin with the phrase, "Based upon the testimony and evidence presented at the Arbitration," but the Award does not cite to or discuss any of the testimony or evidence presented at the arbitration hearing that led the arbitrator to divide the marital property as he did. Nor does the Arbitration Award contain any citations to legal authority or provide any legal analysis explaining the rationale for the arbitrator's division of the marital property. In the absence of any recitation of facts or legal analysis explaining the arbitrator's decision making, the Arbitration Award did not comply with the express provision of the Consent Order requiring findings of fact and conclusions of law. Cf. *Sherman v. Dev. Auth. of Fulton County*, 320 Ga. App. 689, 693 (1) (740 SE2d 663) (2013) (holding that "summary conclusions that contain no hint about the evidence or analysis the court relied on to arrive at them," and that "cite no legal authority and contain no analysis that explains them," fail to qualify as findings of fact and

11

conclusions of law under OCGA § 9-11-52 (a));[5] *In the Interest of D. L. G.*, 212 Ga. App. 353, 353 (1) (442 SE2d 11) (1994) (concluding that when making findings of fact and conclusions of law required under OCGA § 9-11-52 (a), "[t]he trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached. A mere recitation of the events that took place at the trial does not satisfy the requirements of OCGA § 9-11-52 (a). Furthermore, a bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions.") (citations and punctuation omitted).

(b) The wife further argues that even if adequate findings of fact and conclusions of law were not included in the Arbitration Award, the superior court erred in determining that the omission of such findings and conclusions constituted an imperfect execution of the arbitrator's authority under OCGA § 9-9-13 (b) (3). We are unpersuaded.

---

[5] OCGA § 9-11-52 (a) provides in part:
> In ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law. . . .

Although OCGA § 9-11-52 (a) is not applicable to the arbitrator's decision, cases construing that statute are instructive because they provide guidance as to what constitute adequate findings of fact and conclusions of law when requested by the parties.

An arbitration award can be vacated where there is such imperfect execution of the arbitrator's authority "that a final and definite award upon the subject matter submitted was not made." OCGA § 9-9-13 (b) (3). "The limits of an arbitrator's authority are defined by the parties' arbitration agreement." *Henderson v. Millner Dev.*, 259 Ga. App. 709, 711 (1) (578 SE2d 289) (2003). See *United Health Svcs. of Ga. v. Alexander*, 342 Ga. App. 1, 2 (2) (802 SE2d 314) (2017) ("Arbitration is a matter of contract, meaning that arbitrators derive their authority to resolve disputes only from the parties' agreement.") (citation and punctuation omitted). Thus, an arbitrator is "bound by the terms of the parties' agreement in crafting his award." *Henderson*, 259 Ga. App. at 711 (1). An arbitrator imperfectly executes his or her authority where there is a "significant failure to fully and clearly address the issues presented," *Amerispec Franchise*, 215 Ga. App. at 670, and whether there has been such a failure turns on what the parties' arbitration agreement required of the arbitrator. See *Hansen & Hansen Enterprises, v. SCSJ Enterprises*, 299 Ga. App. 469, 473-474 (2) (b) (682 SE2d 652) (2009). As we have explained:

> An arbitration award should be consistent with terms of the underlying agreement and reflect the essence of that contract; it must not demonstrate an imperfect execution of the arbitrator's authority. . . . [An

13

arbitrator] is not free to ignore the express terms of a valid and enforceable contract.

(Citation and punctuation omitted.) *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 755 (1) (531 SE2d 192) (2000).

Here, the Arbitration Award was inconsistent with the express provision of the parties' arbitration agreement incorporated into the Consent Order requiring findings of fact and conclusions of law. Because the arbitrator failed to issue an award in the form explicitly required by the parties' contract, the superior court was authorized to conclude that there was such an imperfect execution of the arbitrator's authority that a final and definite award was not made, and that one of the five statutory grounds for vacatur thus had been satisfied.[6] See *Hansen & Hansen Enterprises*, 299 Ga. App. at 473-474 (2) (b); *Sweatt*, 242 Ga. App. at 755 (1). See also *Cat Charter v. Schurtenberger*, 646 F3d 836, 843 (11th Cir. 2011) (arbitrator must "provide an award in the form required by an arbitration agreement"); *Western Employers Ins. Co.*

---

[6] As previously noted, the arbitration hearing in the instant case was not transcribed, but the absence of the transcript was not fatal to the husband's request for vacatur because the error by the arbitrator was reflected on the face of the Arbitration Award. See *ABCO Builders*, 282 Ga. at 309 (indicating that in some cases, vacatur can be authorized based on "the face of the award"). See also *Montes v. Shearson Lehman Bros.*, 128 F3d 1456, 1461 (11th Cir. 1997) (arbitrators "expressly took note" in arbitration award that party had asked them to disregard controlling law and arbitrators ruled in favor of that party).

14

*v. Jefferies & Co.*, 958 F2d 258, 261-262 (B) (9th Cir. 1992) (arbitration award properly vacated where arbitration panel failed to include findings of fact and conclusions of law required by the parties' arbitration agreement); *New Elliott Corp. v. Man Gutehoffnungshutte AG*, 969 FSupp. 13, 15 (S.D. N.Y. 1997) (case remanded to arbitrators to provide adequate findings of fact and conclusions of law, where arbitration agreement "provided (somewhat unusually) for written findings of fact and conclusions of law"); *Treadwell v. Village Homes of Colo.*, 222 P3d 398, 401 (Colo. App. 2009) ("The parties can require arbitrators to issue written findings and, where agreements so require, arbitrators exceed their powers by not making such findings."). Cf. *Universal Mgmt. Concepts v. Noferi*, 270 Ga. App. 212, 214-215 (1) (605 SE2d 899) (2004) (arbitration award was "imperfect in a manner of form" and thus subject to modification under OCGA § 9-9-14 (b) (3) where award was inconsistent with parties' agreement "setting forth the parameters of the award").

In arguing that the omission of findings of fact and conclusions of law from the arbitration award did not supply a ground for vacatur, the wife points to several cases enunciating the general rule that an arbitrator is not required to make findings of fact or explain his or her reasoning for the arbitration award. See *Greene v. Hundley*, 266 Ga. 592, 595 (2) (468 SE2d 350) (1996); *Payton v. Jackson*, 326 Ga. App. 319, 321

15

(756 SE2d 555) (2014); *Azordegan v. Ebrahimi*, 311 Ga. App. 509, 510 (2) (716 SE2d 528) (2011); *Doman v. Stapleton*, 272 Ga. App. 114, 117 (611 SE2d 673) (2005); *Marchelletta v. Seay Constr. Svcs.*, 265 Ga. App. 23, 28 (2) (593 SE2d 64) (2004); *Atlanta Gas Light Co. v. Trinity Christian Methodist Episcopal Church*, 231 Ga. App. 617, 620 (2) (500 SE2d 374) (1998); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 234-235 (2) (335 SE2d 708) (1985). But the cases cited by the wife are distinguishable because none of them involved the situation where, as in the current case, the parties chose to include an express provision in their arbitration agreement requiring the arbitrator to make findings of fact and conclusions of law. See id. Hence, those cases simply set out a default rule that no specific form of arbitration award is required, but because arbitration is a matter of contract, see *United Health Svcs. of Ga.*, 342 Ga. App. at 2 (2), parties are free to contact around that default rule, unless prohibited by statute or public policy. See *RSN Properties v. Engineering Consulting Svcs.*, 301 Ga. App. 52, 53 (686 SE2d 853) (2009) ("Unless prohibited by statute or public policy, the parties to a contract are free to contract on any terms and about any subject matter in which they have an interest.") (citation and punctuation omitted). And we discern no such statutory or public policy prohibition in this case.

16

The wife asserts that *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 413 (1) (696 SE2d 663) (2010), limits the authority of contracting parties in the context of arbitration, but that case is clearly distinguishable. In *Brookfield Country Club*, the parties entered into an arbitration agreement that stated that a trial court could vacate the arbitration award "if the court finds the arbitrator's award is not consistent with applicable law or not supported by a preponderance of the evidence . . . all in addition to ground for vacation of an award as set forth in the Georgia Arbitration Code." 287 Ga. at 409. The Supreme Court held that parties cannot contractually expand the scope of a trial court's review of an arbitration award to include grounds for vacatur beyond the five statutory grounds set forth in OCGA § 9-9-13 (b), and that the trial court's review of the arbitration award thus was limited to the five listed grounds, despite the parties' arbitration agreement to the contrary. See *Brookfield Country Club*, 287 Ga. at 410-413 (1). In contrast, in the present case, the parties did not contract to add any additional statutory grounds for vacatur, and the husband relied on the existing statutory "imperfect execution" ground as a basis for vacating the Arbitration Award. And, as previously noted, the "imperfect execution" ground takes into account the terms and conditions of the arbitration to which the parties agreed in their contract. See *Hansen & Hansen Enterprises*, 299 Ga.

17

App. at 473-474 (2) (b); *Sweatt*, 242 Ga. App. at 755 (1). Thus, the prohibition on contracting parties enunciated in *Brookfield Country Club* is not applicable under the circumstances of this case, and the parties were free to contract around the default rule under Georgia law that no findings of fact and conclusions of law are required in an arbitration award.

(c) The wife also contends that the superior court erred in vacating the Arbitration Award because the husband did not show that his rights were prejudiced by the arbitrator's imperfect execution of his authority. Again, we disagree.

Here, the parties contracted for specific terms of arbitration, including that any award that was entered would contain findings of fact and conclusions of law that could be incorporated into the final divorce decree, and the husband thus did not receive the benefit of his bargain, and his contractual rights were undermined, when the arbitrator issued an award that ignored that term of the parties' agreement. The wife "has not indicated why, under simple principles of contract law, [the husband] should be held to the terms of a contract for which [he] did not bargain." *Western Employers Ins. Co.*, 958 F2d at 261-262 (B). Furthermore, the omission of the required findings of fact and conclusions of law from the arbitration award severely curtailed the ability of the husband to review the arbitrator's decision for error and

18

to seek meaningful (albeit limited) judicial review of the award. See *Ordner Constr. Co. v. Parkside Crossing, 300*, 276 Ga. App. 753, 754 (1) (624 SE2d 206) (2005) (noting that "[w]ithout the arbitration hearing transcript, and in the absence of detailed findings of fact in the arbitration award, we have no means of discerning the basis for the arbitrator's decision"). See also *Cat Charter*, 646 F3d at 845 (pointing out that if contracting parties wish for "greater explanation" of the arbitrator's award, they can request that the arbitrator "provide findings of fact and conclusions of law"). Cf. *Sadler v. Rigsby*, 338 Ga. App. 549, 551 (1) (790 SE2d 639) (2016) ("Findings of fact and conclusions of law enable the parties to specify the errors the trial court purportedly made, and enable the appellate court to review the judgment adequately and promptly.") (citation and punctuation omitted). Under these circumstances, there was sufficient evidence of prejudice to justify vacatur of the arbitration award.[7]

For these combined reasons, we conclude that the superior court committed no error in vacating the Arbitration Award under the "imperfect execution" prong of OCGA § 9-9-13 (b) (3) for failure to include the findings of fact and conclusions of

[7] It is not fatal to the superior court's May 2019 Order that it did not contain an express finding that the husband suffered prejudice. See *Conmac Corp.*, 245 Ga. App. at 898 (1) (c) (if there is any evidence in the record that the party seeking vacatur was prejudiced, trial court's vacatur order will be affirmed, even if court made no express finding of prejudice).

law expressly required by the parties' arbitration agreement incorporated into the Consent Order.[8]

2. In a separate enumeration of error, the wife contends that the superior court erred in failing to confirm the Arbitration Award. We disagree in light of our decision in Division 1 that the Award was properly vacated. See OCGA § 9-9-12 ("The court shall confirm an award upon application of a party made within one year after its delivery to him, *unless the award is vacated* or modified by the court as provided in this part.") (emphasis supplied).

*Judgment affirmed. Gobeil, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[8] Because vacatur was authorized based on the arbitrator's failure to make the required findings of fact and conclusions of law, we need not address whether the superior court erred in further determining that the arbitrator imperfectly executed his authority by failing to resolve issues pertaining to the distribution of personal property and the proceeds from the sale of certain realty. See generally *Extremity Healthcare v. Access To Care America*, 339 Ga. App. 246, 258 (3), n. 7 (793 SE2d 529) (2016) (superior court's arbitration ruling will be affirmed if right for any reason).